```
MICHAEL J. AGUIRRE, City Attorney
JOE CORDILEONE, Senior Deputy City Attorney
California State Bar No. 73606
        Office of the City Attorney
        1200 Third Avenue, Suite 1100
        San Diego, California 92101-4100
        Telephone:  (619) 533-5800
        Facsimile:  (619) 533-5856
```

FILED
08 MAR 28 PM 3:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:   CP          DEPUTY

Attorneys for Defendant City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MEANS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation and a Political Subdivision of the State of California, and DOES 1-30, inclusive,<br><br>Defendant. | Case No. 08cv0580 WQH (POR)<br><br>NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[28 U.S.C. § 1446] |

TO:    PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 27, 2008, Defendant City of San Diego in the above-entitled action, removed this action to the United States District Court for the Southern District of California.

Dated: 3-28, 2008

MICHAEL J. AGUIRRE, City Attorney

By /s/ Joe Cordileone
       Joe Cordileone
       Senior Deputy City Attorney
Attorneys for Defendant City of San Diego

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRACY MEANS

### DEFENDANTS
CITY OF SAN DIEGO and DOES 1-30

**FILED 08 MAR 27 PM 2:52**
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**'08 CV 0580 WQH POR**

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paula S. Rosenstien, Esq.
ROSENSTEIN, WILSON & DEAN, P. L. C.
1901 First Avenue, Suite 300
San Diego, CA 92101
Tel: (619) 232-8377

Attorneys (If Known)
Joe Cordileone, Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, CA 92101
(619) 533-5800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. section 1983

Brief description of cause:
Plaintiff alleges her civil rights were violated.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: March 27, 2008
SIGNATURE OF ATTORNEY OF RECORD: Joe Cordileone

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com

```
MICHAEL J. AGUIRRE, City Attorney
JOE CORDILEONE, Senior Deputy City Attorney
California State Bar No. 73606
     Office of the City Attorney
     1200 Third Avenue, Suite 1100
     San Diego, California 92101-4100
     Telephone: (619) 533-5800
     Facsimile:  (619) 533-5856
```

FILED
08 MAR 27 PM 2:53
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Attorneys for Defendant City of San Diego

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MEANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN DIEGO, a municipal corporation and a Political Subdivision of the State of California, and DOES 1-30, inclusive,<br><br>　　　　Defendant. | Case No. 08 CV 0580 WQH POR<br><br>NOTICE AND REMOVAL OF CIVIL ACTION<br><br>[28 U.S.C. § 1446] |

TO:     The Clerk of the U.S. District Court and to all Interested Parties:

The City of San Diego, Defendant herein, hereby removes this action to the United States District Court for the Southern District of California.

### STATEMENT OF GROUNDS FOR REMOVAL

Plaintiff alleges that City of San Diego violated rights her Fourteenth Amendment rights by filing a lawsuit against her. That suit alleged that, as a City employee, she illegally awarded government contracts in violation of state and local laws and committed other torts.

Plaintiff filed suit on December 12, 2007, in the California Superior Court. The case is now pending and contains causes of action for violation of civil rights pursuant to Title 42 U.S.C. § 1983. The first amended complaint was served on defendant City of San Diego on February 27, 2008. The only proceedings in Superior Court have been the filing of the complaint and the proofs of service on each defendant; no discovery has been commenced.

1

1     This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and the action may therefore be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 (b) and (c).

    Copies of all process, pleadings and orders served on defendants in the above-entitled action are attached hereto. This notice is filed with this Court within 30 days after service on defendants of the summons and complaint. Consequently, defendants will respond to plaintiff's complaint in this Court.

## JURISDICTION

    The basis for federal jurisdiction in this case is 28 U.S.C. §§ 1331 and 1441(b). The fact supporting such jurisdiction is that plaintiff's complaint includes, pursuant to 42 U.S.C. § 1983, causes of action alleging violations of plaintiff's civil rights by defendants.

Dated: 3-27, 2008

MICHAEL J. AGUIRRE, City Attorney

By _Joe Cordileone_
Joe Cordileone
Senior Deputy City Attorney
Attorneys for Defendant City of San Diego

SUM-100

**SUMMONS on First Amended Complaint**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 16
CENTRAL DIVISION

08 FEB -5 PM 2:36

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
City of San Diego, a municipal corporation and a Political Subdivision of the State of California and DOES 1-30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Tracy Means


COPY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| CASE NUMBER: (Número del Caso): | 37-2007-00083609-CU-MC-CTL |
|---|---|

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of San Diego
330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Paula S. Rosenstein, Esq. (SBN 126264)    619-232-8377
Rosenstein, Wilson & Dean, P.L.C.
1901 First Avenue, Suite 300, San Diego, CA 92101

DATE:
(Fecha) FEB 0 5 2008

Clerk, by    M. McKinley    , Deputy
(Secretario)    (Adjunto)

RECEIVED
CITY CLERK'S OFFICE
SAN DIEGO, CALIF
08 FEB 27 PM 1:52

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

TO: CITY ATTORNEY ✓
[SEAL] RISK MANAGEMENT ✓
DATE FEB 2 7 2008
DCC NAME _____
BY: MAIL _____
OTC V RESHANNON
ND _____
DEPT. NAME

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): City of San Diego, a municipal corporation and a political subdivision of the State of California
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other (specify): form unknown
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Paula S. Rosenstein, Esq. (SBN 126264)
ROSENSTEIN, WILSON & DEAN, P.L.C.
1901 First Avenue, Suite 300
San Diego, California 92101
Telephone: (619) 232-8377

Attorneys for Plaintiff
TRACY MEANS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| TRACY MEANS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation and a Political Subdivision of the State of California, and DOES 1-30, inclusive,<br><br>    Defendants. | CASE NO. 37-2007-00083609-CU-MC-CTL<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES (42 U.S.C. §1983) |

Plaintiff Tracy Means (hereinafter "Plaintiff" or "Means") alleges:

1. Defendant City of San Diego is, and at all times herein mentioned was, a municipal corporation and a Political Subdivision of the State of California which is governed by the <u>California Government Code</u>, among other federal, state and local laws and regulations.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-30, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

- 1 -
FIRST AMENDED COMPLAINT FOR DAMAGES

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were agents, servants and employees of each of the remaining defendants. Further, Defendants, and each of them, in doing the things hereinafter alleged, were acting within the course and scope of such agency, servitude and employment, and with the permission and consent of each of the other defendants.

4. Plaintiff Tracy Means was an employee of the City of San Diego for approximately 8 years. During this time, she held the position of Deputy Director, Airports Division. Most of the time she was employed by the City, the Airports Division was part of the Real Estate Assets Department. For the majority of the time that she was employed by the City, her immediate superior was William T. Griffith, Director of the Real Estate Assets Department.

5. Ms. Means left her employment with the City of San Diego in November 2005. Throughout her employment, Ms. Means had received at least above average employment evaluations.

6. After her departure from her employment with the City, Plaintiff was sued in a civil action styled <u>City of San Diego, a municipal corporation and a political subdivision of the State of California, Plaintiff v. Tracy L. Means (a.k.a. Tracy L. Williams), an individual, et al.</u>, San Diego Court Case No. GIC 858344. (hereinafter "underlying action").

7. The original Complaint in the underlying action was filed on December 13, 2005 and served on Plaintiff Means on December 15, 2005. Ms. Means filed an Answer to that Complaint on January 13, 2006. Subsequently, amended the complaint three more times such that at the conclusion of the lawsuit, the operative complaint was "Plaintiffs' Fourth Amended Complaint", a copy of which is attached hereto as Exhibit "A". Ms. Means also filed an Answer to the Fourth Amended Complaint.

8. The City's Complaint and the subsequent versions accuse Tracy Means of awarding fourteen written purchase order contracts for consulting services to Co-Defendant Airport Business Solutions, Inc. The Complaints allege that the purchase order contracts resulted in actual payments in the sum of $218,527.00 to Co-Defendant Airport Business Solutions, Inc.

9. Ms. Means filed a Motion for Summary Judgment in the underlying action arguing that there was no evidence to create a triable issue of material fact and, in fact, that there was no evidence to support the allegations made against Ms. Means. The Motion for Summary Judgment made by Ms.

1 | Means was granted by the Superior Court of California, County of San Diego on August 10, 2007.
2 | A Judgment was entered in Ms. Means' favor on September 20, 2007. A true and correct copy of the
3 | Judgment is attached hereto as Exhibit "B".

4 |     10. The City filed a Notice of Appeal of the Judgment on October 9, 2007.

5 |     11. Plaintiff is informed and believes and thereon alleges that City Attorney, Michael J. Aguirre
6 | did not ask for or receive permission to file the original complaint against Ms. Means nor did he ask
7 | for or receive permission to continue the suit and file the four subsequent versions of the complaint.
8 | In spite of knowing these facts, the City Council repeatedly ratified the continuation of the frivolous
9 | and unlawful actions.

10 |     12. On February 27, 2006 and again on March 7, 2006, the City Council for the City of San
11 | Diego addressed the question of whether the City would provide Tracy Means a defense in the civil
12 | action. A motion was made to deny Ms. Means a defense. The motion passed.

13 |     13. On September 7, 2006, in a letter by her attorney to the Mayor of San Diego and City
14 | Council, Ms. Means again asked the City government to take action which would stop the baseless
15 | litigation against her and adopt a resolution directing the City Attorney to dismiss the suit. In the letter,
16 | it was pointed out that the City government had its own duties and responsibilities relating to the abuse
17 | of its authority separate and apart from that of Mr. Aguirre's. A true and correct copy of the letter sent
18 | to the City's Mayor and Council is attached hereto and incorporated herein as Exhibit "C".

19 |     14. Despite repeated attempts by Ms. Means to have the lawsuit withdrawn, dismissed or
20 | otherwise ended, the Mayor, City Council and City Attorney separately and together failed and refused
21 | to do so in spite of the multiple requests by the Plaintiff. In so doing, Defendants, through their action
22 | and inaction, acted under color of law and in violation of 18 U.S.C. §1983. These officers, together
23 | and separately, hold the policymaking power for the Defendant City of San Diego.

24 |     15. Moreover, Plaintiff is informed and believes and thereon alleges that the City Council
25 | believes that the City Attorney acted in violation of his obligations as City Attorney for the City of San
26 | Diego in bringing this lawsuit and others without the Mayor's or City Council's authorization or
27 | approval and in violation of state law and the rights of the Plaintiff. Despite this belief about the
28 | limitations on the City Attorney's authority, the City Council allowed this lawsuit to continue and was

- 3 -
FIRST AMENDED COMPLAINT FOR DAMAGES

deliberately indifferent to the fact and knowledge which the City Council had that he had insufficient evidence to support the allegations against Ms. Means being made in the underlying action.

16. In failing and refusing to end the underlying action and in passing and refusing to pass various resolutions regarding the underlying litigation, Defendant made official policy which violated Plaintiff's Constitutional rights.

## FIRST CAUSE OF ACTION

(42 U.S.C. §1983; Equal Protection Under U.S. Constitution Amend. XIV)

17. Plaintiff hereby refers to Paragraphs 1 through 16, inclusive, and incorporates them herein by this reference.

18. Plaintiff Tracy Means was, during the time period for which she was accused of engaging in wrongdoing, an employee of the City of San Diego.

19. City Attorney Aguirre has initiated lawsuits against other current and former employees of the City of San Diego. In each of them, the City of San Diego has provided a defense for the employee. In this case, despite multiple requests, Defendant continued the ill-considered, frivolous, and unlawful underlying action deliberately indifferent to the harm being caused to Plaintiff while simultaneously refusing to provide her with a defense to the underlying action. However, no other employee or former employee has had a suit filed against them for actions taken while acting in their capacity as an employee of the City. Ms. Means was deliberately singled out for unfair and inequitable treatment in violation of the law.

20. Defendants were deliberately indifferent to Plaintiff and refused to take any meaningful action to stop the loss of her life, liberty or property interests she was suffering by the continuation of the underlying action.

21. Instead of directing the City Attorney's office to dismiss the underlying action, Defendants encouraged, ratified and/or allowed the unfounded and unlawful underlying action to continue.

22. As a result of Defendants' actions, failure to act, deliberate indifference, arbitrary and/or capricious conduct, Plaintiff was forced to take a significantly less challenging and lower paying position as other airports and airport authorities, and government entities who run airports would not hire her. As a further result, Plaintiff has been deprived of continuing upward mobility on her career

path. Plaintiff has been damaged emotionally and physically by the actions and inaction of Defendants. Plaintiff has also been damaged to the extent that the underlying action has negatively affected, and will continue to negatively affect, her future career prospects, wages, benefits and earning capacity.

23. Because of the Defendants' actions, Plaintiff was required to retain counsel to defend the underlying action and therefore incurred significant costs and attorneys fees which would have been unnecessary had Defendants not violated 42 U.S.C. §1983.

24. Defendants' actions, failure to act, deliberate indifference, arbitrary and/or capricious conduct, with regard to the deprivations and detriment that Plaintiff suffered was carried out in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. At all times, Defendants have been, are presently and will be acting under the color and authority of the laws of the United States and the State of California. As a result of Defendants' conduct, Plaintiff suffered economic and non-economic damages in an amount to be more precisely determined at trial.

25. Plaintiff seeks a judgment declaring that the intentional acts and the acts of deliberate indifference described above perpetrated by the Defendants are prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 and seek the relief set forth in the prayer for relief.

26. By failing to follow the minimum procedures required by the Constitution, state and local law, Defendants deprived Plaintiff of her liberty and property interests to be free of unlawful interference with her career in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. At all times, Defendants have been, are presently and will be acting under the color and authority of the laws of the United States and the State of California.

27. Plaintiff therefore seeks a judgment declaring that the actions and the acts of deliberate indifference described above perpetrated by the Defendants are prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and seek the relief set forth in the prayer for relief.

// //

## SECOND CAUSE OF ACTION

(42 U.S.C. §1983; Procedural Due Process Under U.S. Constitution Amend. XIV)

28. Plaintiff hereby refers to Paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

29. Plaintiff has protected liberty and property interests in a career, profession and job conferred by the California State Constitution. Article I, Section 1 recognizes that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Article 1, Section 7 recognizes that "(a) A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws...."

30. Defendants have a custom, policy, and/or they tolerate a custom or policy that results in intentional, arbitrary and/or capricious harm or deliberate indifference to Plaintiff's legal rights. Plaintiff was deprived of her liberty and property interests to be free of unlawful interference with her career without due process of law. Plaintiff was an employee of Defendant City of San Diego from 1997 to 2005. At all times, Plaintiff did her job to the best of her ability in accordance with the instructions, directions and supervision of her superiors.

31. Defendants either failed to follow or had no adequate or effective formal or informal policy to ensure that lawsuits filed against former employees were legitimate and supported by evidence before permitting them to be filed on behalf of the City of San Diego. When Plaintiff complained to Defendants, they were deliberately indifferent to Plaintiff's health, safety and welfare and none of them took any meaningful action to stop the frivolous and unlawful underlying action.

32. Instead of addressing these actions, Defendants encouraged, convinced, and/or allowed the underlying action to continue against Plaintiff thus perpetuating the economic and non-economic harm to Plaintiff.

33. As a result of Defendants' actions, failure to act, and/or deliberate indifference, Plaintiff was constructively halted in her career path. She was unable to obtain employment commensurate or better than her position with the City of San Diego because of the underlying action, which was based upon a fatally flawed "investigation" that lacked in fundamental fairness. Plaintiff has also been denied

- 6 -
FIRST AMENDED COMPLAINT FOR DAMAGES

1 career opportunities. Plaintiff has been damaged emotionally, physically and economically by the underlying action. Plaintiff has also been damaged to the extent that the publicity and fact of the lawsuit against Plaintiff has negatively affected, and will continue to negatively affect, her future career prospects.

34. Defendants did not follow the minimum procedures required by the Constitution, state and local law in response to Plaintiff's complaints regarding the underlying action. As a result of the foregoing actions, failure to act, and/or the deliberate indifference of Defendants, Plaintiff's career, profession and job opportunities have been negatively impacted along with her income, emotional health and physical health.

35. By failing to follow the minimum procedures required by the Constitution, state and local law, Defendants deprived Plaintiff of her liberty and property interests to be free of unlawful interference with her career in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. At all times, Defendants have been, are presently, and will be acting under the color and authority of the laws of the United States and the State of California. As a result, Plaintiff suffered economic and non-economic damages in an amount to be more precisely determined at trial.

36. Because of the Defendants' actions, Plaintiff was required to retain counsel to defend the underlying action and therefore incurred significant costs and attorneys fees which would have been unnecessary had Defendants not violated 42 U.S.C. §1983.

37. Plaintiff seeks a judgment declaring that the actions and the acts of deliberate indifference described above perpetrated by the Defendants are prohibited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 and seek the relief set forth in the prayer for relief.

38. By failing to follow the minimum procedures required by the Constitution, state and local law, Defendants deprived Plaintiff of her liberty and property interests to be free of unlawful interference with her career in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. §1983. At all times, Defendants have been, are presently and will be acting under the color and authority of the laws of the United States and the State of California.

39. Plaintiffs therefore seek a judgment declaring that the intentional acts and the acts of deliberate indifference described above perpetrated by the Defendants are prohibited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and seek the relief set forth in the prayer for relief.

### THIRD CAUSE OF ACTION

(42 U.S.C. §1983; Substantive Due Process Under U.S. Constitution Amend. XIV)

40. Plaintiff hereby refers to Paragraphs 1 through 39, inclusive, and incorporates them herein by this reference.

41. Defendants have a custom, policy, and/or they tolerate a custom or policy that results in intentional, arbitrary and/or capricious harm or deliberate indifference to Plaintiff's legal rights. Defendants interfered with Plaintiff's liberty and property interests in violation of the Constitution of the United States. Plaintiff was an employee of the City of San Diego from 1997 to 2005. After she left her employment with the City of San Diego, Plaintiff was sued by Defendants without any basis for believing that the suit was meritorious.

42. Defendants either failed to follow or had no effective or adequate formal or informal policy to ensure that suits filed on behalf of the City of San Diego were meritorious and supported by evidence. When Plaintiff complained to Defendants, they were deliberately indifferent to the financial, emotional, psychological and professional harm being caused to Plaintiff and none of them took any meaningful action to stop the harmful conduct.

43. Instead of addressing these actions, Defendants encouraged, convinced, and/or allowed the underlying action to continue against Plaintiff thus perpetuating the economic and non-economic harm to Plaintiff.

44. As a result of Defendants' actions, failure to act, and/or deliberate indifference, Plaintiff was constructively halted in her career path. She was unable to obtain employment commensurate or better than her position with the City of San Diego because of the underlying action and has been denied career opportunities. Plaintiff has been damaged economically, emotionally and physically by the underlying action. Plaintiff has also been damaged to the extent that the publicity and fact of the lawsuit against Plaintiff has negatively effected, and will continue to negatively affect, her future career

- 8 -
FIRST AMENDED COMPLAINT FOR DAMAGES

1  prospects, wages, benefits and earning capacity.

2  45. Defendants' actions, failures to act, and/or deliberate indifference towards the harm Plaintiff suffered were carried out because of their failure and refusal to examine the basis, evidence and legitimacy of the underlying action. Through the foregoing actions, failure to act, and deliberate indifference, Defendants interfered with Plaintiff's liberty and property interests to be free of unlawful interference with her career. Moreover, Defendants' actions, failure to act, and/or deliberate indifference created a risk of physical, financial and emotional harm to Plaintiff and further demonstrated their deliberate indifference to the harassment and impediments to her liberty and property interests by rendering her more vulnerable to that danger by allowing the underlying action to continue. As a result, Plaintiff's substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 were violated. At all times, Defendants have been, are presently and will be acting under the color and authority of the laws of the United States and the State of California. As a result, Plaintiff suffered economic and non-economic damages in an amount to be more precisely determined at trial.

46. Because of the Defendants' actions, Plaintiff was required to retain counsel to defend the underlying action and therefore incurred significant costs and attorneys fees which would have been unnecessary had Defendants not violated 42 U.S.C. §1983.

47. Plaintiff therefore seeks a judgment declaring that the actions and the acts of deliberate indifference described above perpetrated by the Defendants are prohibited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and seek the injunctive relief set forth in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as stated below:

1. Issue a judgment declaring that the acts of the Defendants described herein violate the Fourteenth Amendment to the Constitution of the United States and further that the constitutional and statutory rights which have been violated are present rights of Plaintiff which must immediately be respected and protected.

2. For general damages in an amount to be proven at time of trial;

3. For damages for loss of earnings and other employment benefits, past and present, and for loss of earning capacity in an amount to be proven at time of trial;

4. For special damages in an amount to be proven at time of trial;

5. For exemplary and punitive damages to be awarded according to proof at trial;

6. For interest on the aforesaid amount at a legal rate from and after the time when said amounts were due to Plaintiff;

7. For costs of suit and attorneys' fees pursuant to state and federal statutes; and

8. For such other and further relief as the Court may deem just, proper, and appropriate.

Dated: Feb. 4, 2008.        Respectfully submitted,

ROSENSTEIN, WILSON & DEAN, P.L.C.


By: _____
Paula S. Rosenstein, Esq.
Attorneys for Plaintiff Tracy Means

FIRST AMENDED COMPLAINT FOR DAMAGES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MEANS,<br><br>          Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, and DOES 1-30,<br><br>          Defendants. | Case No.<br><br>**DECLARATION OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents: **CIVIL COVER SHEET AND NOTICE AND REMOVAL OF CIVIL ACTION [28 U.S.C. § 1446]** in the following manner:

(Check one)

1) ☐   By personally serving the individual named by personally delivering the copies to the offices of the addressee.

   Time of delivery: _____ a.m./p.m.

2) ☐   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

3) ☐   By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

4) ☒   By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices. (See attached service list.)

Executed _March 27, 2008_, at San Diego, California.

_Kathleen A. Tenwolde_
Kathleen A. Tenwolde

1

## SERVICE LIST:

Paula S. Rosenstein, Esq.
ROSENSTEIN, WILSON & DEAN, P.L.C.
1901 First Avenue, Suite 300
San Diego, CA 92101
Tel:  (619) 232-8377
Fax : (619) 238-8376
*Attorney For Plaintiff Tracy L. Means*

2

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| TRACY MEANS,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, and DOES 1-30,<br><br>        Defendants. | Case No. Case No. 08cv0580 WQH (POR)<br><br>**DECLARATION OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents: **NOTICE AND REMOVAL OF CIVIL ACTION [28 U.S.C. § 1446]** in the following manner:

(Check one)

1) ☐  By personally serving the individual named by personally delivering the copies to the offices of the addressee.

   Time of delivery: _____ a.m./p.m.

2) ☐  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

3) ☐  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

4) ☑  By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices. (See attached service list.)

Executed March 28, 2008, at San Diego, California.

*Kathleen A. Tenwolde*
Kathleen A. Tenwolde

1

| | |
|---|---|
| 1 | **SERVICE LIST:** |
| 2 | Paula S. Rosenstein, Esq. |
|   | ROSENSTEIN, WILSON & DEAN, P.L.C. |
| 3 | 1901 First Avenue, Suite 300 |
|   | San Diego, CA 92101 |
| 4 | Tel:  (619) 232-8377 |
|   | Fax : (619) 238-8376 |
| 5 | *Attorney For Plaintiff Tracy L. Means* |

2