MICHAEL J. AGUIRRE, City Attorney
JOE BENEDETTO CORDILEONE, Deputy City Attorney
California State Bar No. 73606
MARIA C. SEVERSON, Chief Deputy City Attorney
California State Bar No. 173967
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Exempt from fees per Gov't code 6103
To the benefit of the City of San Diego

Attorneys for Defendant
CITY OF SAN DIEGO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MEANS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation and a Political Subdivision of the State of California, and DOES 1-30, inclusive,<br><br>    Defendant. | Case No. 08cv0580 WQH (POR)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b), AND IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e) AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**<br><br>**NO ORAL ARUGMENT UNLESS REQUESTED BY COURT**<br><br>Judge: Hon. William Q. Hayes<br>Courtroom: 4<br>Date: May 12, 2008<br>Time:. 11:00 a.m.<br><br>Magistrate: Hon. Louisa S. Porter |

# TABLE OF CONTENTS

**Page Nos.**

I. INTRODUCTION ...................................................................................1

II. FACTS....................................................................................................2

    A. Procedural History.......................................................................2

    B. Current Lawsuit...........................................................................2

    C. Earlier Lawsuits..........................................................................5

        1. City of San Diego v. Tracy Means, SDSC Case No. GIC 858344..........5

        2. Tracy Means v. City of San Diego, SDSC Case No. GIC 864419..........5

III. CITY'S MOTION TO DISMISS PURSUANT TO 12(b)6....................................6

    A. Plaintiff's action is barred under res judicata.........................................7

        1. Means' Failure to Raise Issues in State Complaint Now
Acts as Waiver ........................................................................ 8

        2. This Court Should Abstain From Relitigating a State
Court Mater............................................................................8

    B. Plaintiff Fails To State A Claim For Equal Protection Under The
Fourteenth Amendment And 42 U.S.C. §1983......................................9

    C. Plaintiff's §1983 Claim Against City Based On Due Process Violation ..........10

    D. Plaintiff's Claims Are Not Cognizable Under 42 U.S.C. §1983;
They are Ordinary Tortious Claims For Malicious Prosecution To
Which The City Is Immune...........................................................10

IV. MOTION FOR A MORE DEFINATE STATEMENT PURSUANT TO FRCP (E)......11

V. MOTION TO STRIKE PURSUANT TO FRCP (F)..........................................12

VI CONCLUSION......................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*Adams v. California Dept of Health Servs.* 487 F.3d 684 (9th Cir. 2007) .......... 7

*Amerisourcebergen Corporation v. Roden*, 495 F.3d 1143 (9th Cir. 2007) .......... 9

*Barren v. Harrington* 152 F.3d 1193 (9th Cir. 1998) .......... 9

*Board of Regents of State Colleges v. Roth* 408 U.S. 564 (1972) .......... 10, 12

*California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 515 (1972) .......... 8

*City of Newport v. Fact Concerts, Inc.* 453 U.S. 247 (1981) .......... 12, 14

*Cline v. Brusett* 661 F.2d 108 (9th Cir. 1981) .......... 10, 11

*Constantini v. Trans World Airlines* 681 F.2d 1199 (9th Cir 1982) .......... 7

*Dawson v. Martin* 150 Cal. App 2d 379 (1957) .......... 11

*Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 505 F.3d 860 (9th Cir. 07) .......... 10

*Frederiksen v. Poloway*, 637 F.2d 1147 (7th Cir. 1981), *cert. denied,* 451 U.S. 1017 .......... 6

*Ilets v. Glock, Inc.,* 349 F.3d 1191 1199-1200 (9th Cir. 2003) .......... 6

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 .......... 8

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) .......... 8

*Neitzke v. Williams*, 490 U.S. 319, 326 (1989) .......... 8

*Owens v. Kaiser Found, Health Plan, Inc.* 244 F.3d 708 (9th Cir. 2001) .......... 7

*Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) .......... 6

*Paskaly v. Seale* 505 F.2d 1209 (9th Cir 1974) .......... 10, 11

*Perkins v. City of West Covina* 11 F.3d 1004 (9th Cir. 1997) .......... 10

*Sefton v. Jew*, 204 F.R.D. 104 (W.D. Tex 2000) .......... 12

*Smith v. EPT Mgmt*, 2003 US. Dist. LEXIS 5112 (N.D. Tex. March 31, 2003) .......... 12

*Stewart v. U.S. Bancorp* 297 F.3d 953 (9th Cir. 2002) .......... 7

*Vill. of Willowbrook v. Olech* 528 U.S. 562 .......... 9

*Washington v. Davis* 426 U.S. 229 (1976) .......... 9

*Younger v. Harris*, 401 U.S. 37 (1971) .......... 8

**Statutes**

**Federal**

42 U.S.C. section 1983 .......................................................................................... 10, 11, 14

Federal Rules of Civil Procedure
Rule 12(b)(6) ........................................................................................................ 6
Rule 12(e) ............................................................................................................ 11
Rule 12(f) ............................................................................................................ 12

**State**

California Code of Civil Procedure
Section 426.30 ..................................................................................................... 8

California Government Code
Section ............................................................................................................. 821.6
Section ............................................................................................................. 815.2(b)

**Treatise**

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
Section 1379 ....................................................................................................... 13

# I

# INTRODUCTION

City of San Diego [City] hereby moves the Court for an order to dismiss Plaintiff's First Amended Complaint [FAC], as to and in favor of the City Defendants.

Alternatively, the Court is respectfully requested to dismiss those causes of actions and/or claims which are legally insufficient.

Alternatively, the Court is respectfully requested to order that a more definite statement be made by the Plaintiff through an amended pleading.

Alternately, the Court is respectfully requested to order that portions of the FAC are stricken.

In a three-count FAC, Plaintiff Tracy Means has filed suit against the City of San Diego under 42 USC § 1983 alleging that her rights under the 14th Amendment to the Constitution have been violated.

She alleges:

1. Violation of her right to Equal Protection under the law (with no specificity as to the basis for the violation);

2. Violation of Procedural Due Process – because of an alleged custom or policy of the City that results in intentional and arbitrary harm to her legal rights; and,

3. Violation of Substantive Due Process – again because of an alleged custom or policy.

In addition to general damages, Plaintiff also seeks punitive from the City.

This brief demonstrates that for several distinct reasons, her claims fail to state a cause of action. Additionally, the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading. And in any event, many allegations of the FAC should be stricken under FRCP 12(f).

The Federal Rules of Civil Procedure require that a complaint state sufficient facts to support a cause of action or claim for relief. The rules also require a party to specifically state the violations or deprivations of law at issue, and set forth sufficient information to tie each alleged

violation or deprivation of law to the defendant. Due process also requires that a party against whom a cause of action or claim for relief is alleged be sufficiently on notice of their opponent's claims.

## II

## FACTS

### A. Procedural History:

On December 12, 2007, Plaintiff originally filed the instant lawsuit in the California Superior Court against the City of San Diego. She did not serve the pleading. On February 5, 2008, she filed a "First Amended Complaint for Damages (42 USC § 1983)", and served it on the City on February 27, 2008. The three-count amended complaint alleged a single set of facts and pleaded three different causes of action based upon those facts. Each count alleged a violation of 42 USC § 1983 based upon a claimed denial of rights under the 14th Amendment to the Constitution. The first count alleged violation of Equal Protection under the Law, the second count alleged a violation of procedural due process and the third alleged substantive due process violations. Each pleaded, in differing order, intentional, arbitrary and/or capricious harm or deliberate indifference to her rights.

Defendant removed the case to this Court in a timely fashion. The removal was based upon the existence of a federal question. Within the time required to answer or otherwise respond, Defendant has filed these three motions.

### B. Current Lawsuit:

Defendant, City of San Diego is a municipal corporation and subdivision of the State of California. In the instant lawsuit now before this Court, Plaintiff alleges that "**Plaintiff was sued in a civil action styled *City of San Diego, a municipal corporation and a political subdivision for the State of California, Plaintiff v. Tracy L. Means (a.k.a. Tracy L. Williams), an individual et al.*, San Diego Court Case No. GIC 858344.**" (FAC ¶ 6; emphasis added.) The suit was filed by the City of San Diego on December 13, 2005 (FAC ¶ 7). The lawsuit was amended several times and culminated in the "Fourth Amended Complaint", a copy of which is an exhibit to Plaintiff's lawsuit filed herein.

She alleges she was an employee of the City and that, in its lawsuit, the City accused her of improperly awarding fourteen contracts to a consultant (which was a co-Defendant in that case) in violation of City regulations. (FAC ¶ 8.)

She alleges that the lawsuit and its amendments were filed by the City's lawyer without permission, but she also alleges that the City subsequently ratified all of the lawyer's acts by Council vote. (FAC ¶ 11.)

In particular, she alleges: "**On February 27, 2006 and again on March 7, 2006, the City Council . . . addressed the question of whether the City would provide Tracy Means a defense in the civil action. A motion was made to deny Ms. Means a defense. The motion passed.**" (FAC ¶ 12; emphasis added.)

Plaintiff alleges she made "repeated attempts . . . to have the lawsuit withdrawn" but that the City and its lawyer refused "in spite of multiple requests by the Plaintiff." This "action and inaction" was done "under color of law and in violation of 18 U.S.C. 1983 [*sic*]." (FAC ¶ 14.) Likewise, she alleges that she asked the City to dismiss the case and that the City refused to do that as well.

She alleges that the lawsuit was dismissed by way of a summary judgment motion that was heard on August 10, 2007, that Judgment was entered on September 20, 2007, and that the City filed an appeal on October 9, 2007.

<u>The First Count of the FAC</u>: Plaintiff states, in her first count, that the City has sued other former employees and provided them a defense, but "despite out of indifference to her, the City refused to provide her a defense and that she was singled out for "unfair and inequitable treatment in violation of the law." (FAC ¶ 19.) She alleges that the City was "deliberately indifferent and refused to stop the loss of her life, liberty or property interests" she "**was suffering by the continuation of the underlying action.**" (FAC ¶20; emphasis added.) She states that the City's "actions, failure to act, deliberate indifference, arbitrary and/or capricious conduct" caused her harm. (FAC ¶ 22.)

Plaintiff states that "**Because of the Defendants' actions, Plaintiff was required to retain counsel to defend the underlying action and therefore incurred significant costs and**

3

attorneys fees which would have been unnecessary had Defendants not violated 42 U.S.C. § 1983." (FAC ¶ 23; emphasis added.)

She states that the City's "actions, failure to act, deliberate indifference, arbitrary and/or capricious conduct" was carried out in violation of the Equal Protection Clause of the 14th Amendment (FAC ¶24) and that the City failed to "follow the minimum procedures required by the Constitution" which deprived her of "her liberty" and that the City was "acting under the color of authority." (FAC ¶ 26.)

<u>The Second Count of the FAC:</u> In her second count, Plaintiff states that the Defendants have a "custom, policy, and/or they tolerate a custom or policy that results in intentional, arbitrary and/or capricious harm or deliberate indifference to" her legal rights. (FAC ¶ 30.) This is allegedly because the City "failed to follow, or had no adequate or effective formal or informal policy to **ensure that lawsuits filed against former employees were legitimate . . .**" (FAC ¶ 31.) She adds that the City never "**took any meaningful action to stop the frivolous and unlawful underlying action.**" (FAC ¶ 31; emphasis added.)

Plaintiff states that "**Because of the Defendants' actions, Plaintiff was required to retain counsel to defend the underlying action and therefore incurred significant costs and attorneys fees which would have been unnecessary had Defendants not violated 42 U.S.C. § 1983.**" (FAC ¶ 36; emphasis added.)

<u>The Third Count of the FAC:</u>  The third count alleges that Defendants "have a custom, policy, and/or they tolerate a custom or policy that results in intentional, arbitrary and/or capricious harm or deliberate indifference to Plaintiff's legal rights." (FAC ¶ 41.) This, she claims, is because the City "encouraged, convinced, and/or **allowed the underlying action to continue against Plaintiff . . .**" (FAC ¶ 43; emphasis added.) Plaintiff alleges that Defendants' "actions, failures to act, and/or deliberate indifference towards the harm Plaintiff suffered were carried out **because of their failure and refusal to examine the basis, evidence and legitimacy of the underlying action.**" (FAC ¶ 45; emphasis added.) As a result, according to Plaintiff, her "substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 were violated." (FAC ¶ 45.)

1 | Plaintiff states that "**Because of the Defendants' actions, Plaintiff was required to retain counsel to defend the underlying action and therefore incurred significant costs and attorneys fees which would have been unnecessary had Defendants not violated 42 U.S.C. § 1983.**" (FAC ¶ 46; emphasis added.)

In addition to general and special damages, Plaintiff asks "for exemplary and punitive damages," to be awarded against the City of San Diego. (FAC Prayer, item 6.)

C. **Earlier Lawsuits:**

    1. **City of San Diego v. Tracy Means, SDSC Case No. GIC 858344**

As described in Plaintiff's FAC, on December 13, 2005, the City of San Diego filed a lawsuit against Plaintiff Tracy means alleging that fourteen contracts were improperly awarded by her in San Diego Superior Court, Case No. 858344. San Diego Court Case No. GIC 858344." (FAC ¶ 6)

In the above-referenced lawsuit, Defendant Means prevailed on her motion for summary judgment. Means thereafter brought and won a motion for attorneys' fees and costs relating to her fees and costs incurred in defending that lawsuit. On January 7, 2008, Means filed a Notice of Ruling dated January 7, 2008, affirming the Superior Court's January 4, 2008 award of attorney's fees and costs. In a February 8, 2008 ruling, the Court determined means' attorney's fee and cost award to be just over $250,000.

Concurrent with the bringing of this motion, Defendant has requested judicial notice of these documents, provided as Exhibits 4 and 5, respectively.

    2. **Tracy Means v. City of San Diego, SDSC Case No. GIC 864419**

On April 14, 2006, Tracy means filed a "Complaint for Declaratory Relief, Mandamus, and Attorney's Fees" filed by this Plaintiff against this Defendant on April 14, 2006, in San Diego Superior Court, Case No. 864419. In this lawsuit, she sought a declaration that she was entitled to have the City of San Diego pay for her defense to lawsuit No. GIC 8558344, a mandate that compelled the City to pay for attorney's fees and costs in that litigation, and an award of all reasonable fees and costs.

5

On November 8, 2007, the Superior Court entered "Judgment by Court under CCP 437c, in Favor of Defendant City of San Diego and against Plaintiff Tracy L. Means" ("Judgment") in that action. Therefore, while Plaintiff did not prevail in the state court action she initiated, she was fully compensated by the Court for any economic loss that resulted in her defense of the City's lawsuit against her, as indicated in the attorney's fee/cost award in Case No. 858344.

Concurrent with the bringing of this motion, Defendant has requested judicial notice of these documents, provided as Exhibits 2 and 3, respectively.

In that earlier lawsuit, the Plaintiff Means was the same person as the Plaintiff in this lawsuit, the Defendant City was the same Defendant as in this lawsuit, and the claim was the same claim as in this lawsuit: *viz.* Plaintiff brought that lawsuit **solely because the City sued her and it refused to pay for a lawyer to defend her in that suit. In that earlier lawsuit, Plaintiff was already awarded what she again claims as damages in this case at ¶¶ 23, 36 and 46 and in items 4, 6 and 7 of her prayer in this case.**

### III.

### CITY'S MOTION TO DISMISS PURSUANT TO 12(b)6

Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. (*Ilets v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003)). Generally, a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable theory. (*Navarro v. Block*, 250 F.3d 729, 729-732 (9th Cir. 2001)). Rule 12(b)(6) also "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." (*Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also, Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), "[a] dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law . . . .") For purposes of a motion to dismiss, well-pleaded factual allegations of the complaint are generally presumed to be true. (*California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972)). However, conclusions of law or


unwarranted deductions of fact or arguments are not sufficient to state a claim. (*Frederiksen v. Poloway*, 637 F.2d 1147, 1150 n.1 (7th Cir. 1981), *cert. denied*, 451 U.S. 1017).

As will be shown below, Plaintiff's action against the City fails for failure to state a claim upon which relief can be granted. Thus, the action against the City should be dismissed.

### A. Plaintiff's action is barred under res judicata

Res judicata, or claim preclusion, is designed to impel parties to consolidate all closely related matters into one suit to avoid the multiplicity of hardship and costs related to defending a case. Res judicata prohibits lawsuits on any claims that were raised or **could have been raised in a prior action.** *Stewart v. U.S. Bancorp* 297 F.3d 953, 956 (9th Cir.2002); *Owens v. Kaiser Found, Health Plan, Inc.* 244 F.3d 708, 713 (9th Cir.2001) (emphasis added). It applies when there is: (1) identity or privity between parties; (2) a final judgment on the merits; and (3) an identity of claims. *Id*. The analysis to determine when two causes of action are the "same" requires a four-step process, where it must be determined (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two action; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Adams v. California Dep't of Health Servs.* 487 F.3d 684, 689 (9th Cir.2007); *Constantini v. Trans World Airlines* 681 F.2d 1199, 1201-1202 (9th Cir.1982).

Here, the parties are identical to the parties in the first lawsuit that Plaintiff Means brought against Defendant City, and the state court made a judgment on the merits in favor of Defendant Means in the first suit. Further, the claims in both suits are identical because of the following:

(1) The City's rights and interests established in the prior judgments and orders would be impaired by prosecution of this new action because Plaintiff Means was already awarded all costs incurred as a result of that lawsuit;

(2) The evidence presented in the previous actions and in the current one are substantially the same because they involved the City's allegations of Means' wrongdoing and an adjudication of any damages that resulted from those allegations.

7

(3) The two suits involve infringement of her rights to be compensated for the City's allegations.

(4) Both suits arise out of Plaintiff's employment with City and a lawsuit that the City filed against Plaintiff in December 2005. (FAC, ¶ 6-7).

Nothing prevented Plaintiff from raising her current claims in the previous lawsuit. Allowing this complaint to go through would put the City under the undue burden and additional costs of defending a case, which it has already defended once and won. As a matter of law and policy, Plaintiff's complaint should be dismissed.

### 1. Means' Failure to Raise Issues in State Complaint Now Acts as Waiver

California Code of Civil Procedure section 426.30 states, in pertinent part:

> "(a) Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."

Cal. CCP § 426.30

According to California law, Plaintiff Means was required to bring any related actions when she responded as a defendant to the City's lawsuit against her. Because she failed to do so then, she should not be able to forum shop and now plead before this Court. Furthermore, Means received an award in her favor for economic damages in an amount exceeding $250,000 relating to the adjudicated state court claims. This court should now abstain from adjudicating what was already litigated in state court.

### 2. This Court Should Abstain From Relitigating a State Court Mater

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the doctrine of abstention requires that a federal court not interfere with an ongoing state judicial proceeding that implicates important state interests where there is an adequate opportunity to raise federal claims in the state proceeding. When *Younger* is applicable, dismissal of the action is required. Although the *Younger* case involved a state criminal case, the policies of *Younger* are fully applicable to civil proceedings when important state interests are involved. *Equity Lifestyle*

1  *Properties, Inc. v. County of San Luis Obispo*, 505 F.3d 860, 873 n.20 (9th Cir. 2007) citing
2  *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The goal
3  of *Younger* abstention is to "avoid interference with *uniquely* state interests...."
4  *Amerisourcebergen Corporation v. Roden*, 495 F.3d 1143, 1150 (9th Cir. 2007). (Emphasis
5  provided).

6      Plaintiff Means had every opportunity to bring the current claims in state court. This Court
7  should now abstain from deciding what was already addressed and litigated in state court.

**B. Plaintiff Fails To State A Claim For Equal Protection Under The Fourteenth Amendment And 42 U.S.C. § 1983**

    Plaintiff's first cause of action alleges that the City violated the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. A plaintiff can state an equal protection claim in one of two ways. One way is to allege that defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington* 152 F.3d 1193, 1194-95 (9th Cir.1998); *Washington v. Davis* 426 U.S. 229, 239-40 (1976). The second way is for plaintiff to establish an equal protection "class of one" claim by alleging that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech* 528 U.S. 562, 564 (2000).

    Here, Plaintiff has not alleged membership in a protected class to be discriminated against; therefore, she must have alternatively established an equal protection "class of one" claim. Plaintiff claims that the City Attorney has initiated lawsuits against other employees of the City, in each of which the City has provided a defense for the employee, but has refused to defend Plaintiff (FAC, ¶19). Although it may seem that Plaintiff is comparing herself with others that are similarly situated, that is in fact not the case as Plaintiff, herself, states that "no other employee or former employee has had a suit filed against them for actions taken while acting in their capacity as an employee of the City" (FAC, ¶19). If Plaintiff was one of many City employees who had suits filed against them for actions taken while acting in their capacity as an employee of the City,

but she was the only one not defended by the City, then Plaintiff may have had a claim. But as it stands, Plaintiff fails to state a claim for Equal Protection and violation of 42 U.S.C. § 1983.

### C. Plaintiff's § 1983 claim against city based on due process violation fails

Plaintiff's second and third cause of action allege that City violated the Fourteenth Amendment and 42 U.S.C. § 1983 for failure to provide due process. In order to succeed in § 1983 claim against the City based on due process violation, Plaintiff must *show* that the City adhered to policy, practice or custom that caused her to be deprived of her constitutional rights. *Perkins v. City of West Covina* 113 F.3d 1004, 1011 (9th Cir.1997) (emphasis added).

Here, Plaintiff alleged in the complaint that the City had a "custom, policy, and/or they tolerate a custom or policy that results in intentional, arbitrary and/or capricious harm or deliberate indifference to Plaintiff's legal rights" (FAC, ¶30, 41). However, she neither alleges nor produces facts in support of this claim. Instead, she claims "Defendants either failed to follow or had no adequate or effective formal or informal policy to ensure that lawsuits filed against former employees were legitimate and supported by evidence before permitting them to be filed on behalf of the City of San Diego" (FAC, ¶31, see also, ¶42). The law requires the Plaintiff to show—by factual evidence—that the City adhered to a policy, not whether the City failed to follow or lacks a policy. As such, Plaintiffs due process claims fail as well.

### D. Plaintiff's Claims Are Not Cognizable Under 42 U.S.C. § 1983; They Are Ordinary Tortious Claims for Malicious Prosecution To Which The City Is Immune

The Due Process Clause of the Fourteenth Amendment, which Plaintiff invokes, forbids depriving any person of life, liberty or property, without due process of law. Plaintiff asserts that, acting under color of state and U.S. law, the City deprived her of liberty and property without due process of law because of an allegedly illegitimate lawsuit that the City brought against her. (FAC, ¶24, 35, 45) The City's conduct would constitute a denial of due process of law, if either Means's liberty or property were at stake in the suit that the City brought against her. *Paskaly v. Seale* 506 F.2d 1209, 1212 (9th Cir.1974); *Board of Regents of State Colleges v. Roth* 408 U.S. 564, 573, 576 (1972). Otherwise, Plaintiff's claims are mere tortious claims for malicious prosecution, which are not cognizable under 42 U.S.C. § 1983. *Id.*; *Cline v. Brusett* 661 F.2d

108, 112 (9th Cir. 1981). An exception to this rule exists for malicious prosecutions conducted with the intent of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights. *Cline*, 661 F.2d at 112.

As stated previously, Plaintiff does not have a claim for Equal Protection, and it is obvious that neither Plaintiff's liberty or property were at stake in that lawsuit. Means was never deprived of her property interest because she ultimately prevailed in that suit. A possible property interest which may have been at stake in that suit was the expense she may have incurred in time and money in defending herself in that action; but the Due Process Clause does not take cognizance of expenditures of that kind as a property interest. *Paskaly,* 506 F.2d at 1212; *Board of Regents of State Colleges v. Roth* 408 U.S. 564, 577 (1972). As to liberty, the Due Process Clause denotes not merely freedom from bodily restraint, but also many peripheral benefits such as freedom from serious damage to one's standing and associations in the community; but whatever temporary grievance Plaintiff may have suffered during the first suit was fully vindicated because she prevailed in that suit. *Id*. Therefore, Plaintiff's claims are ordinary tortious claims for malicious prosecution.

Furthermore, Plaintiff cannot cure the defects in her claim by stating a claim for malicious prosecution because City and its employees are immune from such action, even if the acts were done maliciously and without probable cause. CAL. GOV. CODE § 821.6; CAL. GOV. CODE § 815.2(b); *Dawson v. Martin* 150 Cal.App.2d 379, 382-83 (1957).

## IV.

**MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP (E)**

Federal Rule of Civil Procedure Rule 12(e) permits a party to move for "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion brought under FRCP 12(e) is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, and thus, cannot reasonably be expected to frame a proper response.

Plaintiff's FAC is unclear as to the alleged policies; procedures and customs to which she claims denied her of her procedural due process rights. Should this Court not dismiss Plaintiff

Means' lawsuit as requested in the above motion, The City of san Diego respectfully requests that Plaintiff state, with further specificity, the policies, procedures and customs to which she claims denied her of her procedural due process rights.

V.

**MOTION TO STRIKE PURSUANT TO FRCP(F)**

Federal Rule of Civil Procedure Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When a district court has ordered a party to file a more definite statement, "the party must submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponents' valid objections to the earlier pleadings." Sefton v. Jew, 204 F.R.D. 104 (W.D. Tex. 2000) quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1379 at 636. If the district court's order is not complied with and the subject of the order is the complaint, the complaint may be stricken, which has the "effect of dismissal of the action." Id. quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1379 at 640. *See also* Smith v. EPT Mgmt., 2003 U.S. Dist. LEXIS 5112 (N.D. Tex. March 31, 2003).

A.  In Plaintiff's Prayer for Punitive Damages

Plaintiff's claim for punitive damages is barred -- A municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v Fact Concerts, Inc.* 453 U.S. 247, 271 (1981). *In City of Newport,* the Court found that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials. This absolute immunity from such damages was obtained at common law and remained undisturbed by the 42d Congress. Further, that immunity is compatible with both the purposes of § 1983 and general principles of public policy. *Id*. Here, the rule applies to the City, hence rendering City immune from punitive damages. Therefore, Defendant City asks that the request for punitive damages be stricken from the FAC

B.  In the FAC, Plaintiff alleges in ¶ 4: "During this time, she held the position of Deputy Director, Airports Division. Most of the time she was employed by the City, the Airports Division was part of the Real Estate Assets Department. For the majority of the time that she was

12

employed the City, her immediate superior was William T. Griffith, Director of the Real Estate Assets Department." This portion of the FAC is immaterial and should be stricken pursuant to FRCP 12(f).

      C.      In the FAC, Plaintiff alleges in ¶ 5: "Throughout her employment, Ms. Means has received at least above average employment evaluations."

      D.      In the FAC, Plaintiff alleges in ¶ 11: "Plaintiff is informed and believes and thereon alleges that City Attorney, Michael J. Aguirre did not ask for or receive permission to file the original complaint against Ms. Means nor did he ask for or receive permission to continue the suit and file the four subsequent versions of the complaint. In spite of knowing these facts, the City Council repeatedly ratified the continuation of the frivolous and unlawful actions." There is no allegation that under the law, including the City of San Diego Charter, that the City Attorney needed permission to file a lawsuit or file the four subsequent versions of the complaint. Plaintiff Means can not make such allegation because law so exists. Therefore, those sentences should be stricken. Moreover, if "City Council repeatedly ratified the continuation of "the lawsuits, then even if some "permission" from City Council was needed, the fact that the filing was ratified make the allegations about absence of permission irrelevant. (*See also* ¶ 21 which repeats the allegation of ratification.) Moreover, the allegation that the City Council ratified is NOT alleged on information and belief. Therefore, other than "the City Council repeatedly ratified the continuation of the frivolous and unlawful actions" should be stricken.

      E.      In the FAC, ¶ 15 should be stricken in its entirety. It is immaterial what the City Council "believes" now (*sic*: the paragraph is written in the present tense). Moreover what the City Council believed about the legality of the City Attorney's actions at the time of the state lawsuits is also immaterial because of the fact that it "ratified the continuation" of the lawsuit (¶ 11). Therefore everything in the paragraph is either immaterial or redundant.

      F.      In the FAC, ¶ 24 should be stricken in its entirety. It is immaterial that "Defendants . . . are presently and will be acting under the color and authority of the laws . . ." In summary, present and future action is immaterial to the current cause of action in Plaintiff's FAC.

G.  In the FAC, ¶ 26 should be stricken in its entirety. It is immaterial.

H.  In the FAC, ¶ 30, "At all times, Plaintiff die her job to the best of her ability in accordance with the instructions, directions and supervision of her superiors." This should be stricken. It is immaterial to the instant lawsuit.

I.  In the FAC, ¶ 35 should be stricken in its entirety.

J.  Plaintiff's Claim for Punitive Damages is Barred.

A municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981). The Court found that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials. This absolute immunity from such damages was obtained at common law and remained undisturbed by the 42d Congress. Further, that immunity is compatible with both the purposes of § 1983 and general principles of public policy. *Id.* Here, the rule applies to City, hence rendering City immune from punitive damages.

Therefore, Defendant asks that the request for punitive damages be struck from the Complaint

## VI

## CONCLUSION

Upon the foregoing, this Honorable Court is respectfully requested to dismiss Plaintiff's First Amended Complaint, in accordance with Federal Rules of Civil Procedure 12(b). The Court is respectfully requested to dismiss with prejudice the causes of actions and/or claims for which an amendment will not remedy the deficiency or error presented.

Alternatively, and as to any surviving cause of action and/or claim, the Court is requested to order a more definite statement, in accordance with Federal Rules of Civil Procedure 12(e), as set forth above and as the Court deems appropriate.

///

///

///

14

1 | Alternatively, the Court is requested to strike those portions of the complaint indicated
2 | above.

4 | Dated: April 3, 2008          MICHAEL J. AGUIRRE, City Attorney

6 |                                By  /s/ Joe B. Cordileone
7 |                                    Joe B. Cordileone
                                       Senior Deputy City Attorney

8 |                                Attorneys for Defendant CITY OF SAN DIEGO