
1 | Paula S. Rosenstein, Esq. (SBN 126264)
ROSENSTEIN, WILSON & DEAN, P.L.C.
2 | 1901 First Avenue, Suite 300
San Diego, California 92101
3 | Telephone: (619) 232-8377

4 | Attorneys for Plaintiff
TRACY MEANS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MEANS,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation and a Political Subdivision of the State of California, and DOES 1-30, inclusive,<br><br>  Defendants. | CASE NO.  08cv0580 WQH (POR)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b), AND IN THE ALTERNATIVE, OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e) AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)<br><br>Judge:      Hon. William Q. Hayes<br>Courtroom:  4<br>Date:       June 9, 2008<br>Time:       11:00 a.m.<br><br>Magistrate: Hon. Louisa S. Porter |

**TABLE OF CONTENTS**

I.     Introduction ............................................................... 1

II.    Factual and Procedural Background ......................................... 1

III.   Defendant Cannot Meet the F.R.C.P. 12(b)(6) Standard ...................... 4

IV.    *Res Judicata* Is Not Applicable ............................................ 5

IV(a). The Writ Case Was a Special Proceeding ................................... 5

IV(b). The Operative Facts in the Instant Lawsuit are Distinct From the Former Lawsuits ..... 6

IV(c). Means Has Not Waived Her Right to Bring the Instant Lawsuit Under
       C.C.P. § 426.30 .... ..................................................... 7

IV(d). The Younger Doctrine Does Not Apply ...................................... 9

IV(e). Summary ................................................................. 9

V.     Plaintiff's Complaint States Valid Claims for Equal Protection
       and Due Process Violations ............................................... 9

V(a).  Plaintiff's Equal Protection Claim is Sufficiently Plead ................. 11

V(b).  Plaintiff Has Properly Plead Her Due Process Claim ...................... 11

V(c).  Plaintiff's Claims Are Not Based on a Malicious Prosecution Theory ...... 11

V(d).  Summary ................................................................. 12

VI.    City's Motion for a More Definite Statement is an Improper
       Substitution for Discovery .............................................. 12

VII.   Motion to Strike FAC Paragraphs is an Improper Attempt to Resolve
       Substantial Questions of Law Prior to Discovery ......................... 12

VIII.  Conclusion .............................................................. 14

1 **TABLE OF AUTHORITIES**

2 *California Code of Civil Procedure § 426.30* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

3 *Code of Civil Procedure § 426.30(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4 *California Code of Civil Procedure §426.60* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5 *California Code of Civil Procedure § 1084* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6 *California Code of Civil Procedure §1085* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7 *California Government Code §995* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 7

8 *Federal Rule of Civil Procedure 8* . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . 4, 10, 12, 13

9 *Federal Rule of Civil Procedure 8(e)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 12

10 *Federal Rule of Civil Procedure Rule 8(a)(2)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . 4

11 *Federal Rule of Civil Procedure 12(b)(6)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..1, 4, 9, 10, 11

12 *Federal Rule of Civil Procedure 12(e)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CASES

*Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.*, 202 Cal App 3d 921
(1988, Cal App 1st Dist) .................................................... 5

*AL Holding Co. v. O'Brien & Hicks, Inc.*, 75 Cal. App. 4th 1310 (1999) ................ 7

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) .............. 4

*Bautista v. Los Angeles County*, 216 F.3d 837 (9th Cir. 2000) ......................... 4

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ............................. 4, 9

*Carroll v. Import Motors, Inc.*, 33 Cal. App. 4th 1429 (1995) ......................... 7

*City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432 (1985) ................ 10

*Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). ........ 13

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................... 4, 12

*Crocker Nat'l Bank v. Emerald*, 221 Cal. App. 3d 852 (Cal.App. 1990) .................. 7

*Cromwell v Ward*, 425 F Supp 97 (1977, WD NY) ................................... 12

*Dunbar & Sullivan Dredging Co. v Jurgensen Co.* 44 FRD 467 (1967, SD Ohio),
*affd* 396 F2d 152 (1968, CA6 Ohio) .............................................. 12

*E. L. White, Inc. v. Huntington Beach,* 21 Cal 3d 497 (1978) ......................... 6

*Erickson v. Pardus*, 127 S.Ct. 2197 (2007) ......................................... 4

*Green Mountain Power Corp. v General Electric Corp.* 496 F Supp 169 (1980, DC Vt). ... 13

*Harper v. Poway Unified Sch. Dist.,* 345 F.Supp.2d 1096 (Cal. 2004) ................... 10

*Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) .......... 4

*Hydranautics v. Filmtec Corp.*, 204 F.3d 880 (9th Cir. 2000) .......................... 5

*Klarfeld v. United States*, 944 F.2d 583 (9th Cir. 1991) .............................. 9

*McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990) .................. 9

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (U.S. 1982) ..... 8

Nelson v. Quimby Island Reclamation Dist. Facilities Corp., 491 F. Supp. 1364 (N.D. Cal. 1980)

*Newman v. Universal Pictures*, 813 F.2d 1519 (9th Cir. 1987) ......................... 4

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ................ 5

*Perkins v. City of West Covina*, 113 F. 3d 1004 (9th Cir. 1997) ....................... 11

**TABLE OF CASES (CONTINUED***)*

*In re Russell*, 76 F.3d 242, 245 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936 (9th Cir. 2004)   . . . . . . . . . . . . . . . . . . . . 10

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, (9th Cir. 2002) . . . . . . . . .   5

*Sylvester v. Soulsburg*, 252 Cal App 2d 185, 60 Cal Rptr 218 (1967) . . . . . . . . . . . . . . . . . . . .   8

*United States v Metro Dev. Corp.*, 61 FRD 83 (1973, ND Ga) . . .  . . . . . . . . . . . . . . . . . . . . .  12

*Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073 (2000) . . . . . . . . . . . . . . . . . . 10

## I. INTRODUCTION

Defendant City of San Diego, under color of law, filed a frivolous action against Plaintiff herein Tracy Means. That action, after lengthy litigation, was thrown out on summary judgment in August 2007 when the Superior Court of San Diego properly determined that there was no basis for the lawsuit and no triable issues of material fact. Defendant has continued the frivolous suit by filing an equally unmeritorious appeal.

Plaintiff Tracy Means (hereinafter "Plaintiff" or "Means") filed the instant suit in the Superior Court of California in an effort to vindicate her rights, reputation and life. Defendant City of San Diego (hereinafter "Defendant" or "City") removed the action to this Court and now attempts to have this properly filed and plead action dismissed. Defendant's attempt, however, must fail as it is not supported by the law or the facts.

Defendant City of San Diego's Motion to Dismiss, Motion for a More Definite Statement and Motion to Strike fail for a variety of reasons. Among them are first, *res judicata* does not apply as the nucleus of operative facts are distinct from the former lawsuit instigated by the City. Second, Means has not waived her rights to the causes of action alleged in the instant litigation. Third, the *Younger* abstention does not apply. Additionally, Means has adequately plead claims for Constitutional violations pursuant to the standard governing Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(6). Further, the City's request for more definite statement is an improper attempt to obtain discovery and the City's request to strike paragraphs of Plaintiff's First Amended Complaint (hereinafter "FAC") should be denied as improper.

Defendant's Motions should be denied. If any part of it is not, then Plaintiff requests the opportunity to amend her complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Tracy Means worked for the City of San Diego as a Deputy Director in the Real Estate Assets Department. In that capacity, she was in charge of the City's two municipal airports, Brown and Montgomery Fields and had the title of Airports Director. During the course of the discussions regarding expanding Brown Field into an air cargo facility, the City retained Airport Business Solutions as consultants to assist them in analyzing the proposal and data being supplied by the

1 proponents of the expansion.

2 In December 2005, the City of San Diego sued Ms. Means in *City of San Diego v. Tracy L. Means, et al.*, GIC 858344. (The "underlying case")  The allegations against Ms. Means can be summarized by saying that the City alleged that Ms. Means intentionally, with ill will and malicious motive, avoided the City's contracting and purchasing rules and systems so that she could give business to her friends, Michael Hodges, Roberta Thompson and their company, Airport Business Solutions.  Ms. Means denied the allegations and strenuously defended the lawsuit.

When she was served with the Complaint, Ms. Means applied to the City Council for the City of San Diego for a defense pursuant to *California Government Code* §995. *Govt. Code* §995 provides, in part, that "upon request of an employee or former employee, a public entity shall provide for the defense of any civil action...against him in his official or individual capacity or both on account of an act or omission in the scope of his employment as an employee of the public entity." In March 2006, the City Council denied her request based upon their perception that an exception to the general rule contained in *Govt. Code* §995 allowed them to do so.

After the denial, in April 2006, Ms. Means filed a Petition for Writ of Mandate to force the City Council to provide Ms. Means with a defense to the frivolous and unfounded underlying action. That case was titled *Tracy Means v. City of San Diego* and had case number GIC 864419. ("Writ Case")  This Writ of Mandate is the case which Defendant City herein erroneously argues provides *res judicata* and bars the instant lawsuit.

In the meantime and over the course of the next 12-18 months, the City amended the complaint in the underlying action *four* times in its continual attempt to find a basis for a lawsuit against Ms. Means.

Ultimately, Ms. Means filed a Motion for Summary Judgment ("MSJ") on the Fourth Amended Complaint which was heard by the Superior Court.  Contrary to the allegations in that Complaint, as was demonstrated to the Superior Court, neither Mr. Hodges nor Ms. Thompson were her friends, or even colleagues known to her prior to the time they began working together while Ms. Means was employed by the City of San Diego, nor did Ms. Means intentionally avoid the City's contracting systems. Rather, her actions were taken with the knowledge, consent and approval of her

1 superiors at the City of San Diego. These facts were demonstrated to the Superior Court, with the support of admissible evidence, and the City was unable to refute them or even raise any triable issues of material fact. Based thereon, the Court granted Ms. Means' MSJ.

Following the entry of Judgment against the City, the City filed an appeal to the Court's decision on the MSJ. The appeal is still pending.

Cross Motions for Summary Judgment were filed by the parties in the Writ Case which alternatively argued that the City Council had done/ had not done what it was required to do in deciding whether to provide or deny Ms. Means a defense in the underlying action. The City prevailed on its MSJ and Judgment was entered in the City's favor.

That result was largely symbolic as Ms. Means, following the grant of summary judgment in the underlying case, filed a Motion to recover her costs of defense pursuant to *Govt. Code* §996.4. This code section provides that if, after a City Council denies a current or former employee a defense under the exceptions to *Govt. Code* §995, the employee prevails, she can come back to the government entity to obtain reimbursement for her costs of defense in the underlying suit. This Motion was granted and Ms. Means was given an order which requires the City to reimburse her costs of defense in the amount of approximately $250,000.

As part of the Court's order, however, Ms. Means was not permitted to recover any of her fees and costs incurred as part of the unsuccessful Writ Case. In addition, the City filed a second appeal to this Court decision and this appeal is still pending, as well.

Ms. Means then filed the instant civil action for damages caused by the City as a result of pursuing the unfounded lawsuit against her. In this case, she is seeking to recover damages for her lost wages and benefits, damage to her career and reputation, emotional distress and attorneys fees and costs not covered by what the City pays Ms. Means pursuant to the court's order, assuming the appellate court upholds the court's rulings. If the Appellate Court reverses the trial court's award of costs of defense, then, of course, she will seek to recover all of the costs of defense incurred in the underlying case as well as the Writ Case.

Clearly, Defendant is misleading the court or misinterpreting Plaintiff's complaint in this action when it says, on page 6, lines 3-5 of its brief, that "she was fully compensated by the Court for

any economic loss that resulted in her defense of the City's lawsuit against her, as indicated in the attorney's fee/cost award in Case No. 858344", i.e. the underlying case. The Court's award did nothing to compensate her for her past and future lost wages and benefits, career and reputation damage or emotional distress. Ms. Means only economic losses, contrary to Defendant's statement, are not the attorney's fees and costs incurred in defending the underlying action.

### III. DEFENDANT CAN NOT MEET THE FRCP 12(b)(6) STANDARD

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of *Federal Rule of Civil Procedure* 8. *FRCP* Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are unnecessary -- the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)).

The complaint need not, however, allege every fact constituting the claim for relief or detailed evidentiary facts -- it need only give fair notice of the plaintiff's claim so that the opposing party can respond, undertake discovery and prepare for trial. See, e.g., *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); see also *Bautista v. Los Angeles County*, 216 F.3d 837, 843 (9th Cir. 2000). All allegations of material fact are taken as true. *Erickson*, 127 S.Ct. at 2200.

Dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Newman v. Universal Pictures*, 813 F.2d 1519, 1521-22 (9th Cir. 1987) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)). Accordingly, the Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (citation omitted).

Using this standard, there is no doubt that Defendant has received fair notice of Plaintiff's claim. Defendant, based on the First Amended Complaint, can respond, undertake discovery and prepare for trial. Plaintiff's First Amended Complaint is sufficient and all of Defendant's alternative motions must be denied.

## IV. *RES JUDICATA* IS NOT APPLICABLE

Defendant has brought its motion to dismiss and primarily argues that the case is barred by *res judicata* because Ms. Means filed the Petition for Writ of Mandate. Defendant is in error as there was no previous civil suit for damages which was required to include the causes of action or requests for damages which are covered in this suit. The operative facts and causes of action here are distinct from the former litigation. Further no waiver exists as no compulsory cross-complaint was required and the *Younger* doctrine does not apply.

While making a fair articulation of the law regarding *res judicata*, Defendant must argue that the Writ Case was a case in which Ms. Means was required to assert the damage allegations and legal theories she asserts here. In the alternative, Defendant argues that Ms. Means was required to file a cross-complaint in the underlying action. Neither of these positions is supported by the law as the facts exist in this case.

Three elements constitute a successful *res judicata* defense, namely: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Here, there is no identity of claims.

Moreover, the party asserting preclusion has the burden of establishing what was litigated in the prior action and determined by the prior judgment. *See Hydranautics v. Filmtec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Defendant has not met this burden.

**A.   The Writ Case Was a Special Proceeding**

Here, City erroneously argues that this matter is barred by *res judicata* because Ms. Means should have included the instant claims in her Writ Case. (*See* Defendant's P's & A's p.7-8.) The Writ Case is a special proceeding which falls under California *Code of Civil Procedure* §426.60. Just as an action to quiet title or for declaratory relief is a special proceeding not requiring a compulsory cross-complaint, so too is a writ action not a "civil action" as that term is used here. *Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.,* 202 Cal App 3d 921 (1988, Cal App 1st Dist).

Instead, a writ proceeding is a procedural matter which asks a court to review a governmental entity's process and decide whether it has followed the procedures required under the law. More

1 specifically, pursuant to California *Code of Civil Procedure* §1085, the court has the authority to issue a writ of mandate or mandamus. Mandamus is appropriate where there is a clear and present duty on the part of the Defendant and a clear and beneficial right to the Plaintiff to the performance of that duty, in this case, the provision of a defense to the underlying action. *C.C.P.* § 1084, et seq.

This case is more similar to *E. L. White, Inc. v. Huntington Beach,* 21 Cal 3d 497 (1978). In that case, following the death and injury of two employees of a subcontractor in the course of certain public improvements under a contract between the general contractor and the city concerned, the city brought an action against the general contractor for declaratory and other relief. The court held that the general contractor was not thereafter precluded by *Code Civ. Proc., § 426.30* from filing a subsequent action against the city for implied indemnity for its active negligence in causing the accident.

Ms. Means' Writ proceeding does not provide grounds with which to bar the instant case.

**B.      The Operative Facts in the Instant Lawsuit are Distinct from the Former Lawsuits.**

As indicated previously, although Plaintiff does not believe that a Writ proceeding can provide the basis to bar this suit, even if it could, it would not in the instant case as the operative facts in the Writ proceeding were distinct from those presented here.

Defendant argues that the Writ proceeding and the instant case are identical but the facts do not bear out these assertions. First, contrary to Defendants argument, whether the City had performed its duty with respect to the provision of a defense for Ms. Means under *Govt. Code* §995 is distinct from whether Defendant violated Plaintiff's constitutional rights in addition to the fact that though Ms. Means was awarded her attorneys fees and costs in one case, she has not already been compensated for her personal economic and non-economic damages.

Second, the evidence presented in the Writ Case is not *at all* substantially similar to the evidence which will be gathered and presented in this case. This case does not revolve around Plaintiff's wrongdoing but rather Defendant's.

Third, the Writ Case was not the proper forum for litigating the violation of Plaintiff's constitutional rights. It is a special proceeding meant to address a very narrow concern.

A petition for a writ of mandamus is not a civil action for damages and the causes of action

Ms. Means pleads in the instant case are not barred by *res judicata*.

**C.    Means Has Not Waived Her Right to Bring the Instant Lawsuit Under CCP 426.30.**

Combined with Defendant's *res judicata* argument, Defendant argues that Plaintiff waived her right to bring this suit because it was a compulsory counter claim under California *Code of Civil Procedure* 426.30. Defendant is again incorrect. Defendant further argues that Plaintiff is forum shopping although it is Defendant who removed this matter to federal court from the same California court in which the other cases were litigated.

*CCP* § 426.30(a) provides that if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) (s)he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded. A party's failure to raise a related cause of action in a cross-complaint will result in that party's being barred from raising the cause of action in any subsequent lawsuit. *Conopco*, 231 F.3d at 89; *In re Russell*, 76 F.3d 242, 245 (9th Cir. 1996); *Carroll v. Import Motors, Inc.*, 33 Cal. App. 4th 1429, 1434-39 (1995); *Crocker Nat'l Bank v. Emerald*, 221 Cal. App. 3d 852, 862-64 (Cal.App. 1990). Although this statute is analogous to the *res judicata* doctrine, it is more properly categorized as an affirmative defense of waiver and bar. *Conopco*, 231 F.3d at 87, 90 (Section 426.30 is "a cousin of res judicata").

As a threshold matter, Defendant is incorrect because the claims in the instant suit had not arisen at the time Ms. Means' filed her answer on January 13, 2006. To be considered a compulsory cross-complaint, the related cause of action must have existed at the time defendant served its answer to the complaint. *CCP* §426.30(a); *see AL Holding Co. v. O'Brien & Hicks, Inc.*, 75 Cal. App. 4th 1310, 1313-1314 (1999). Claims arising thereafter are *permissive*, not compulsory...even if subject-matter related to the complaint. *Crocker Nat'l Bank v. Emerald,* 221 Cal. App. 3d 852, 864 (1990).

Here, Ms. Means, soon after being served with the complaint, sent a letter to the City Council asking it to provide her a defense as required by *Govt. C.* §995. The Council did not hear the matter until February 27, 2006 and did not decide the matter until March 7, 2006. (*See* FAC ¶12). As such, assuming *arguendo* that the causes of action in the instant case are related to the claims in the underlying case, they did not exist to Ms. Means knowledge at the time of the filing of the Answer.

1  Until the Council denied her request, she had no reason to believe that a defense would not be
2  provided to her as it had been in every other instance of which she was aware. When they arose later,
3  they constituted a permissive but not compulsory counter-claim.

4  Furthermore, *CCP* Section 426.10 defines "related cause of action" and courts have interpreted
5  it as well to include a series of related acts or conduct. *Sylvester v. Soulsburg, 252 Cal App 2d 185,*
6  *60 Cal Rptr 218 (1967)* (a continuous sequence of acts by vendors of real and personal property-
7  including suit to terminate sale contracts, entry upon the real property, taking possession of the
8  personal property, and remaining in possession for a time-constituted a single transaction giving rise
9  to purchasers' claim for damages for trespass).

10  Here, Defendant's portrayal of the underlying action and the instant action is misleading. In
11  the underlying suit, the issues encompassed in City's Fourth Amended Complaint are the wrongful
12  allegations that Ms. Means acted fraudulently, maliciously and with ill-will when the City awarded
13  fourteen contracts to a consultant. The true crux of the controversy in the instant lawsuit is **not** about
14  Ms. Means' conduct with respect to Airport Business Solutions or City procedures. Rather, the instant
15  case is about the *City's* unconstitutional conduct in prosecuting the underlying suit, allowing it to
16  continue when there was no evidence to support it and in continuing the action by filing the frivolous
17  appeals which are currently pending.

18  The discrete matters addressed in the two lawsuits, the City's lawsuit and the instant matter
19  are not premised on the same facts, are not part of a series of related transactions or conduct and have
20  led to distinct actionable wrongs. Based upon unique facts, actions and damages, Plaintiff's FAC
21  claims do not arise out of the same series of transactions that gave rise to the City's former lawsuit
22  rendering bar or waiver inapplicable to the instant proceeding. Therefore, waiver does not apply.

23  **D.   The *Younger* Doctrine Does Not Apply**

24  The City's attempt to apply the *Younger* doctrine is simply misplaced. The holding of *Younger*
25  and its progeny espouse a strong federal policy against federal-court interference with **pending** state
26  judicial proceedings absent extraordinary circumstances. *Middlesex County Ethics Comm. v. Garden*
27  *State Bar Ass'n*, 457 U.S. 423, 431 (U.S. 1982) The fallacy behind City's argument, and pursuant to
28  City's own case citation, is that the action is no longer "pending" before the state court despite their

1 appeal. If the matter was still pending before the state court, City's *res judicata* argument would be further flawed by a failure to establish a final judgment on the merits. For Defendant to raise this argument after *Defendant* removed the action to federal court is truly astounding.

**E.    Summary**

The Writ Case was a special proceeding and, as such, not an appropriate forum in which to litigate the wrongs being addressed in the instant case. Further, as a special proceeding the compulsory counter-claim statute does not apply.

In addition, the claims were, at best, a permissive counter-claim and not a compulsory counter claim as they did not arise until the City Council addressed the issue in February 2006.

Moreover, neither the facts in the underlying suit nor those in the Writ Case are the same as those in the instant case. Whether Ms. Means committed the Intentional Misrepresentation, violations of the False Claims Act, the City Charter or the California *Business and Professions Code,* i.e. *her conduct*, are the operational facts in the underlying case. Whether the City performed its duty in making its decision regarding provision of the defense was the question in the Writ Case. Here, the facts are about whether the City violated its Constitutional obligations and caused economic and non-economic damages to Ms. Means. Therefore, the City's argument fails to distinguish and/or identify the correct operative facts that Plaintiff's FAC is premised upon and as such, there is no identity of claims.

Under any theory, Defendant's Motion to Dismiss fails pursuant to these theories fails.

## V. PLAINTIFF'S COMPLAINT STATES VALID CLAIMS
## FOR EQUAL PROTECTION AND DUE PROCESS VIOLATIONS

As stated above, in a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Klarfeld v. United States*, 944 F.2d 583, 585 (9th Cir. 1991). A party need not state the legal basis for his claim, only the facts underlying it. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969

(2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

Here, upon the Court taking Plaintiff's factual allegations as true, drawing all reasonable inferences in Plaintiff's favor, and Plaintiff's entitlement to offer evidence in support of her claims, Plaintiff's FAC is a viable pleading for the Constitutional claims alleged.

### A.   Plaintiff's Equal Protection Claim Is Sufficiently Plead

To establish a claim for equal protection, a plaintiff must show that it has been denied the same protection of law which is enjoyed by other persons in like circumstances. *See City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). Where an action does not implicate a suspect classification such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that: (1) (s)he was intentionally treated differently from others similarly situated; and (2) there was no rational basis for the difference in treatment. *Squaw Valley Dev. Co. v. Goldberg,* 375 F.3d 936, 944 (9th Cir. 2004); *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S. Ct. 1073 (2000). Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss unless the plaintiff alleges facts that **may prove** invidious discriminatory intent. *Harper v. Poway Unified Sch. Dist.,* 345 F.Supp.2d 1096, 1108 (Cal. 2004) (emphasis added). Thus, to state a valid claim of discrimination, a plaintiff must plead facts to show that the defendant acted in a discriminatory manner and that the discrimination was intentional. *Id*.

Plaintiff's FAC pleads that she is similarly situated with other current and former employees of the City that were sued by the City, all of whom were owed a legal defense by the City, yet that she was the only one arbitrarily and invidiously denied a legal defense. *See* ¶19 of Plaintiff's FAC.[1] As such, and pursuant to the Rule 8 standard and the standard governing Rule 12(b)(6) motions, Plaintiff should be entitled to offer evidence in support of her claims. Should the Court require further

---

[1] FAC ¶19 states, in part, "City Attorney Aguirre has initiated lawsuits against other current and former employees of the City of San Diego. In each of them, the City of San Diego has provided a defense for the employee. In this case, despite multiple requests, Defendant continued the ill-considered, frivolous, and unlawful underlying action deliberately indifferent to the harm being caused to Plaintiff while simultaneously refusing to provide her with a defense to the underlying action."

*Tracy Means v. City of San Diego*                                    Points and Authorities in Opposition to
Case No. 08cv0580                                                     Motion to Dismiss, Motion to Strike
                                                    10

clarification of Means' similarly situated status, Plaintiff requests leave to amend its Complaint.

**B.    Plaintiff Has Properly Plead Her Due Process Claim**

Defendant argues that Plaintiff's due process claims are inadequately plead. In making this assertion, Defendant states that Plaintiff must *show* that the City adhered to a policy, practice or custom, Defendant relies on the case of *Perkins v. City of West Covina*, 113 F. 3d 1004 (9th Cir. 1997). *Perkins*, however, was an appeal of a summary judgment decision.[2] The standard which Plaintiff must meet is quite different at the pleading stage than it is at the summary judgment or trial stage. As the court knows, at the summary judgment stage, assuming defendant has met its burden of proof, the plaintiff must put forward enough admissible evidence with which to create a triable issue of material fact. At the pleading stage, however, everything plead in the complaint mut simply be accepted as true.

As discussed above, under the standard applicable to Motions to Dismiss pursuant to 12(b)(6), Plaintiff has adequately alleged sufficient facts underlying her claim for Due Process violations including but not limited to the process and policy regarding the initial filing of lawsuits against current or former employees, the pursuit of those lawsuits and the provision of a defense to those lawsuits. (See FAC ¶¶ 12, 29-32, 34, 36, 41-44, and 46.) Accordingly, Plaintiff is entitled to pursue her claims.

**C.    Plaintiff's Claims are Not Based on a Malicious Prosecution Theory**

City's allegation that Plaintiff was never denied a property interest because she ultimately prevailed in her lawsuit two years after it was filed, completely ignores the fact that Plaintiff had to seek private legal counsel to defend her, the emotional, as well as financial, hardship the City's lawsuit imposed, and the damage done to Plaintiff's career and professional reputation. To allege "no harm no foul" based on the fact that Plaintiff ultimately prevailed completely over simplifies and white washes the emotional and financial damage done by City. As such, Plaintiff is not pursuing a malicious prosecution claim, yet is alleging and pursuing a valid claim for violations of her

---

[2] Defendant also fails to mention that the case was reversed and remanded by *City of W. Covina v. Perkins*, 525 U.S. 234, and that the opinion was withdrawn by, replaced by and reinstated in part by *Perkins v. City of W. Covina*, 167 F.3d 1286 (9th Cir. 1999) albeit on other issues.

constitutional rights.

**D.     Summary**

Plaintiff's claims for violation of her equal protection and due process constitutional rights have been sufficiently plead. She has been damaged and her property interests denied. The constitutional claims are not a substitute for a malicious prosecution lawsuit. As a result, Defendant's Motion attacking the sufficiency of these causes of action must be denied. If, however, the court finds any deficiency, Plaintiff requests the opportunity to amend her complaint.

## VI.  CITY'S MOTION FOR A MORE DEFINITE STATEMENT IS AN IMPROPER SUBSTITUTION FOR DISCOVERY

*Federal Rules of Civil Procedure* do not require claimant's complaint to set out in detail facts upon which she bases her claim; all that is required is a short and plain statement of the claim that will give defendant fair notice of what plaintiff's claim is and grounds upon which it rests. *Conley v Gibson*, 355 US 41 (1957). If a complaint fairly notifies opposing party of the nature of a claim, a motion for a more definite statement of the complaint will be denied since the basis for granting motion is unintelligibility rather than mere lack of detail. *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1385 (N.D. Cal. 1980); see also *Cromwell v Ward*, 425 F Supp 97 (1977, WD NY). Rule 12(e) is designed to remedy unintelligibility and not to uncover evidentiary matter as substitute for discovery process. *United States v Metro Dev. Corp.*, 61 FRD 83 (1973, ND Ga).

Plaintiff's FAC fairly notifies the City of the nature of her claims and is entirely intelligible. What is clear, however, is that City is attempting to improperly obtain discovery and their attempts to do so should be denied because Plaintiff has satisfied the liberal pleading standard of *FRCP* Rule 8(e).

## VII.  MOTION TO STRIKE FAC PARAGRAPHS IS AN IMPROPER ATTEMPT TO RESOLVE SUBSTANTIAL QUESTIONS OF LAW PRIOR TO DISCOVERY

A motion to strike can be used to test the sufficiency of legal defense, but in deciding a motion it is not the court's function to determine disputed questions of law, and the motion will not be granted if a defense may better be determined on the merits. *Dunbar & Sullivan Dredging Co. v Jurgensen*

1  *Co.* 44 FRD 467 (1967, SD Ohio), *affd* 396 F2d 152 (1968, CA6 Ohio).  As courts have said, motions
2  to strike are an inappropriate vehicle to resolve substantial questions of law until after discovery and
3  a hearing on the merit where a defense presents a purely legal question.  *Green Mountain Power Corp.*
4  *v General Electric Corp.* 496 F Supp 169 (1980, DC Vt).

5  "Like motions for a more definite statement, motions to strike are disfavored in light of the
6  liberal pleading standards of Rule 8 and since they are usually filed solely for delaying tactics." *See*
7  *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

8  Here, the City is whitewashing many of Plaintiff's allegations as "immaterial" and even attacks
9  Plaintiff's background allegations such as that contained in FAC ¶4 regarding what her position with
10 the City was and who her boss was, and in FAC¶5, what her evaluations were.  These allegations are
11 not immaterial and Defendant's claim to the contrary is baseless.

12 Plaintiff's allegations about the City Attorney's right to pursue a lawsuit with and or without
13 permission from City Council, in FAC ¶11, are appropriately included. While many are aware that the
14 current City Attorney takes the position that no Council approval is needed to file a suit such as the
15 underlying case, there are contrary legal opinions about the breadth of his authority.  That may be an
16 issue to be decided at another point in this suit but the sentences that Defendant requests be stricken
17 are properly contained in the FAC and should not be stricken.

18 Defendant asks for all of FAC ¶15 to be stricken but it is clearly a necessary, material and
19 proper part of the complaint.  The same is true for the allegations Defendant wants stricken from FAC
20 ¶¶24, 26, 30 and 35.  Many of these paragraphs are the heart of the allegations for the cause of action
21 being plead. Defendant is simply trying to avoid a hearing on the merits and inappropriately using this
22 motion to strike in an attempt to avoid liability.

23 The only thing about which Defendant is correct is that municipalities are not subject to
24 punitive damages and that portion of the prayer was mistakenly included.  A review of the FAC shows
25 no allegations specifically regarding a punitive damage claim for this reason.  It can be stricken.

26 As to all of the other portions of the FAC which Defendant asks the court to strike, these
27 clearly are substantial matters of law which should only be decided after discovery and a hearing on
28 the merits.  Further, City cannot show that any of the statements they seek to have stricken would

1  prejudice the moving party or that striking the statements would streamline the case for subsequent
2  litigation and trial. Consequently, City's Motion to Strike should be denied in its entirety, with the
3  exception of the punitive damage claim..

### VIII.  CONCLUSION

Defendant's Motion to Dismiss is supported by neither the facts nor the law. There is no *res judicata* bar to Plaintiff's claims as the operative facts here are distinct from those in the underlying case, there was no compulsory counter-claim or *Younger* preclusion. Further, the Writ Case was a special proceeding to which adding the damage claims asserted herein would have been inappropriate. That Motion must be denied.

Defendant alternatively argues that the Equal Protection and Due Process causes of action are insufficient to state a claim but again it is in error. As plead, Defendant can readily identify and understand the claims against it sufficient to conduct necessary discovery and prepare for trial. This Motion, too, must be denied.

Defendant's Motion to Strike must also be denied. Defendant is simply trying to strike those portions of the FAC which it finds most uncomfortable. That, however, is not the standard for granting a motion to strike and therefore, this Motion but also be denied.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny City's Motion to Dismiss, Motion for a More Definite Statement and Motion to Strike in their entirety. If, however, the Court finds any validity to any of Defendant's Motion, Plaintiff requests leave to amend her Complaint.

Dated: _____, 2008.        Respectfully submitted,

                    ROSENSTEIN, WILSON & DEAN, P.L.C.


                    By:  _____
                        Paula S. Rosenstein, Esq.
                        Attorneys for Plaintiff Tracy Means