1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

TRACY MEANS,

CASE NO. 08-cv-00580 WQH (POR)

12

                                        Plaintiff,

**ORDER**

            vs.

13

CITY OF SAN DIEGO, a municipal
corporation and a Political Subdivision of the
State of California, and DOES 1-30,
inclusive,

14
15
16

                                        Defendants.

17

HAYES, Judge:

18

        The matter before the court is the motion to dismiss (Doc. # 5) filed by Defendant City of San

19

Diego.

20

## Procedural Background

21

        On February 5, 2008, Plaintiff Tracy Means filed a Complaint against Defendant City of San

22

Diego in the California State Superior Court in San Diego, California.  (Doc. #1 at Ex. A).  The

23

Complaint alleges that Defendant violated Plaintiff's constitutional rights when it filed suit against

24

her in California State Superior Court.  (Doc. # 1 at Ex. A).  Specifically, the Complaint alleges that

25

Defendant violated Plaintiff's equal protection rights, procedural due process rights, and substantive

26

due process rights under the Fourteenth Amendment of the United States Constitution.  (Doc. # 1 at

27

Ex. A).  On March 27, 2008, Defendant removed the action to this Court.  (Doc. # 1).

28

        On April 3, 2008, Defendant filed the pending motion to dismiss for failure to state a claim

upon which relief can be granted, and in the alternative, motion for a more definite statement and

1  motion to strike.  (Doc. # 5).  On May 23, 2008, Plaintiff filed a response in opposition to the motion.

2  (Doc. # 9).  On June 2, 2008, Defendant filed a reply in support of the motion.  (Doc. # 10).

3  **Allegations of the Complaint**

4       "Defendant City of San Diego is, and at all times mentioned was, a municipal corporation and

5  a Political Subdivision of the State of California."  *First Amended Complaint* (*FAC*) (Doc. #1 at Ex.

6  A), ¶ 1.  Plaintiff was an employee of Defendant for approximately eight years, holding the position

7  of Deputy Director, Airports Division.  *FAC*, ¶ 4.  Plaintiff "left her employment with [Defendant]

8  City of San Diego in November, 2005."  *FAC*, ¶ 5.

9       On December 13, 2005, Defendant City of San Diego filed a lawsuit[1] (Suit 1) against Plaintiff

10  in the California State Superior Court in San Diego, California, alleging that Plaintiff improperly

11  awarded "fourteen written purchase order contracts for consulting services."  *FAC*, ¶¶ 7-8.  On

12  January 13, 2006, Plaintiff filed an answer to the complaint.  *FAC*, ¶ 7.  Defendant City of San Diego

13  ultimately amended the complaint on three occasions, and Plaintiff filed an answer to the 4th

14  Amended Complaint.  *FAC*, ¶ 7.  On February 27, 2006, and again on March 7, 2006, the San Diego

15  City Council addressed the question of whether Defendant City of San Diego would provide Plaintiff

16  a defense in Suit 1.  *FAC*, ¶ 12.  In March, 2006, the San Diego City Council denied Plaintiff a defense

17  on conflict of interest grounds.  *FAC*, ¶ 12.  On September, 7, 2006, Plaintiff asked Defendant City

18  of San Diego to withdraw the suit against Plaintiff.  *FAC*, ¶ 13.  The City of San Diego declined to

19  withdraw the suit.  *FAC*, ¶ 13.  In response, Plaintiff filed a motion for summary judgment.  *FAC*, ¶

20  9.  On August 10, 2007, Plaintiff's motion for summary judgment in Suit 1 was granted and judgment

21  was entered in Plaintiff's favor on September 20, 2007.  *FAC*, ¶ 9.  On October 9, 2007, Defendant

22  City of San Diego appealed to the California Court of Appeal, which appeal is still pending.  *FAC*,

23  ¶ 10.

24       On April 14, 2006, while Suit 1 was pending and following the City Council's decision not

25  to provide Plaintiff with legal counsel, Plaintiff filed a "Complaint for Declaratory Relief, Mandamus,

26

27

28
_____

[1] *City of San Diego v. Tracy Means*, SDSC Case No. GIC 858344.

1   and Attorney's Fees"[2] (Suit 2) against Defendant in the California State Superior Court in San Diego,

2   California. (Doc. # 5 at Ex. 2).[3] Plaintiff sought a declaration that Defendant was required to pay for

3   her defense in Suit 1, and an order of mandate compelling Defendant to provide Plaintiff a full and

4   complete defense from the allegations in Suit 1. (Doc. # 5 at Ex. 2, ¶¶ 19, 25). Plaintiff and

5   Defendant filed cross-motions for summary judgment in Suit 2. (Doc. # 5 at Ex. 3). On November

6   8, 2007, the State Superior Court granted Defendant's motion for summary judgment in Suit 2. (Doc.

7   # 5 at Ex. 3).

8        Plaintiff is "informed and believes" that Defendant City of San Diego's attorney "did not ask

9   for or receive permission" to file the suit against Plaintiff in the first instance, and further, that "in

10  spite of knowing these facts, the City Counsel repeatedly ratified the continuation of the frivolous and

11  unlawful actions." *FAC*, ¶ 11. "Despite repeated attempts by [Plaintiff] Ms. Means to have the

12  lawsuit withdrawn, dismissed or otherwise ended, the Mayor, City Council and City Attorney

13  separately and together failed and refused to do so." *FAC*, ¶ 14. The San Diego "City Council

14  allowed [Suit 1] to continue and was deliberately indifferent to the fact and knowledge which the City

15  Council had that [the City Attorney] had insufficient evidence to support the allegations against

16  [Plaintiff] Ms Means." *FAC*, ¶ 15. "In failing and refusing to end [Suit 1] and in passing and refusing

17  to pass various resolutions regarding [Suit 1], Defendant made official policy which violated

18  Plaintiff's [c]onstitutional rights." *FAC*, ¶ 16. Plaintiff alleges that the City Attorney has initiated

19  lawsuits against other current and former employees of the City of San Diego and that the City of San

20  Diego has provided a defense for those other employees. *FAC* ¶ 19.

21                                    **Standard of Review**

22       A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal

23  _____

24       [2] *Tracy Means v. City of San Diego*, SDSC Case No. GIC 864419

25       [3] Rule 201 of the Federal Rules of Evidence allows courts to take judicial notice of matters that
    are "capable of accurate and ready determination by resort to sources whose accuracy cannot
26  reasonably be questioned." FED. R. EVID. 201(b). Court files are good examples of documents of
    which courts can take judicial notice. *Mullis v. U.S. Bank. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).
27  The Court hereby takes judicial notice of the complaint and judgment in *Tracy Means v. City of San
    Diego*, SDSC Case No. GIC 864419. (Doc. # 5 at Ex. 2 & Ex. 3); *see also Lee v. City of Los Angeles*,
28  250 F.3d 668, 688-89 (9th Cir. 2001); *Janas v. McCracken (in Re Silicon Graphics Sec. Litig.)*, 183
    F.3d 970, 986 (9th Cir. 1999).

1    sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint

2    may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not

3    raise the "right of relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965

4    (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the

5    allegations plausibly show "that the pleader is entitled to relief." *See Id.* (citing FED. R. CIV. P.

6    8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the

7    light most favorable to the plaintiff, and must accept as true all material allegations in the complaint,

8    as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023,

9    1028 (9th Cir. 2003). Legal conclusions need not be taken as true merely because they are cast in the

10   form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1981). "Nor is

11   the court required to accept as true allegations that are merely conclusory, unwarranted deductions of

12   fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

13   2001), *amended by* 275 F.3d 1187 (9th Cir. 2001).

14                                              **Discussion**

15   1.    Plaintiff's Equal Protection Claim (Claim 1)

16          In the first cause of action, Plaintiff alleges that the Defendant violated her rights under the

17   Equal Protection Clause by singling her out for unfair and inequitable treatment. Plaintiff alleges that

18   the City Attorney has initiated lawsuits against other current and former employees of the City of San

19   Diego; and that the City of San Diego has provided a defense for those other employees "while

20   simultaneously refusing to provide her with a defense to the underlying action." *FAC* ¶ 19.

21          Defendant moves to dismiss Plaintiff's equal protection claim on grounds that res judicata

22   prohibits lawsuits on any claims that were raised or could have been raised in a prior action.

23   Defendant contends Plaintiff's claim to a full and complete defense by the City raised in first cause

24   of action is the same claim raised by the Plaintiff in Suit 2 and that nothing prevented Plaintiff from

25   raising her current claim in Suit 2. *Id*. at 8.

26          Plaintiff contends that res judicata is not applicable because the primary right asserted in Suit

27   2 is distinct from the primary right asserted in the current suit. Plaintiff further contends that res

28   judicata is not applicable because Suit 2 was a mandamus proceeding, and is therefore a "special

1    proceeding" to which res judicata does not apply. *Opposition*, p. 5-6.

2         Claim preclusion may appropriately be argued and decided on a motion to dismiss in a case

3    where the material facts are not disputed. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)

4    (holding that claim preclusion is appropriately raised on a motion to dismiss if the defendant does not

5    raise issues of disputed facts).

6         The doctrine of res judicata, also known as claim preclusion, "bars all grounds for recovery

7    that *could have been asserted*, whether they were or not, in a prior suit between the same parties on

8    the same cause of action." *Robertson v. Isomedix, Inc. (In re Int'l Nutronics, Inc.)*, 28 F.3d 965, 969

9    (9th Cir. 1994) (internal quotation marks omitted) (emphasis in original); *see also Fields v. Sarasota*

10   *Manatee Airport Authority*, 953 F.2d 1299, 1309 (11th Cir. 1992) ("Attempting [silently to] reserve

11   federal issues by failing to raise them in a state court complaint is clearly insufficient to preserve

12   federal court review of unraised constitutional issues."). The purpose of res judicata is to protect

13   litigants from multiple lawsuits, to conserve judicial resources, and to encourage certainty and reliance

14   upon judicial decisions. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322

15   F.3d 1064, 1077 (9th Cir. 2003). A federal court deciding whether a claim is precluded by a prior

16   state court claim must use the claim preclusion law from the state from which the prior judgment was

17   taken. *See Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003); *Costantini v. Trans World Airlines*, 681

18   F.2d 1199, 1201 (9th Cir. 1982).

19        In California, claim preclusion prevents relitigation of the same cause of action in a second suit

20   between the same parties or parties in privity with them. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal.

21   4th 888, 896 (2002). Claim preclusion applies when: (1) the claim or cause of action raised in the

22   prior adjudication is identical to the claim or cause of action presented in the later action; (2) the prior

23   proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is

24   being asserted was a party or in privity with a party to the prior adjudication. *Federation of Hillside*

25   *& Canyon Assns. v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004). Whether two suits are

26   based on the same claim or cause of action under California law is based on the "primary right

27   theory." *See Mycogen Corp.*, 28 Cal. 4th at 904. As the Ninth Circuit has explained,

28          a cause of action is comprised of a primary right of the plaintiff, a corresponding
            primary duty of the defendant, and a wrongful act by the defendant constituting a

1    breach of that duty.  The most salient characteristic of a primary right is that it is
2    indivisible: the violation of a single primary right gives rise to but a single cause of
     action.

3    *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004) (quoting *Mycogen Corp.*, 28 Cal. 4th at 904

4    (2002) (internal quotation marks omitted).  A party may bring only one cause of action to vindicate

5    a primary right.  *Mycogen Corp.*, 28 Cal. 4th at 904.  Claims not raised in this single cause of action

6    may not be raised at a later date.  *Id.*  Different theories of recovery are not separate primary rights.

7    *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1032 (9th Cir. 2005) (citing

8    *Mycogen Corp.*, 28 Cal. 4th at 903).

9          The Court finds that there are no material facts in dispute relating to the application of res

10   judicata in this case.  Plaintiff does not dispute that Suit 2 resulted in a final judgment on the merits

11   and that the current parties are the same as the parties in Suit 2.  The primary right litigated by the

12   Plaintiff in Suit 2 was the right of Plaintiff to have Defendant provide Plaintiff with a full and

13   complete defense to the claims made against her by the City in Suit 1.  (Doc. # 5 at Ex. 2, ¶¶ 19, 28).

14   The Court concludes that the allegations of the complaint in first cause of action in this case assert the

15   same primary right, that is,  Plaintiff's right to have Defendant provide Plaintiff with a full and

16   complete defense to the claims made against her by the City in Suit 1.   Plaintiff's contention that a

17   mandamus proceeding is a special proceeding which is not subject to the doctrine of res judicata is not

18   supported by law.   The California Courts have ruled that there is "no reason to distinguish between

19   actions and special proceedings for purposes of res judicata if the requirements of the doctrine are

20   satisfied and if the issues asserted in the later proceeding could have been asserted in the prior

21   proceeding."  *See Federation of Hillside & Canyon Assns. v. City of Los Angeles*, 126 Cal. App. 4th

22   1180, 1205 (2004) (internal citations omitted); *see also Hollywood Circle, Inc. v. Dep't of Alcoholic*

23   *Beverage Control*, 55 Cal. 2d 728, 361 (1961) ("the doctrine of res judicata applies to judgments on

24   the merits in proceedings in mandamus").  Viewing the allegations of the Complaint in the light most

25   favorable to Plaintiff, the Court concludes that Plaintiff's claim for violation of her equal protection

26   rights under the Fourteenth Amendment is barred by res judicata.  Defendant's motion to dismiss

27   Plaintiff's first claim is granted.

28

2.    Plaintiff's Substantive & Procedural Due Process Claims (Claims 2 & 3)

Defendant moves to dismiss Plaintiff's due process claims on the grounds that the Complaint fails to allege that Defendant had a custom or policy which deprived Plaintiff of her constitutional rights. *Mot. to Dismiss*, p. 10. Defendant notes that a municipality cannot be found liable under 42 U.S.C. § 1983 unless there is a custom or policy which infringes upon constitutional rights. *Id*. Defendant further contends that Plaintiff's due process claims "are not cognizable under 42 U.S.C. § 1983" because a due process claim requires the assertion of a liberty or property interest and neither a liberty nor property interest was at stake when Defendant City of San Diego sued Plaintiff for improperly awarding contracts in Suit 1. *Id*. at 10-11.

Plaintiff contends that she has adequately alleged sufficient facts underlying her claim for due process violations because at the pleading stage, "everything [pled] in the complaint [must] simply be accepted as true." *Opposition*, p. 11.

A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (citing *Bd. Of Regents v. Roth*, 408 U.S. 564, 569 (1972)). "To have a property interest, a person clearly must have more than an abstract need or desire." *Nunez v. City of L.A.*, 147 F.3d 867, 872 (9th Cir. 1998). "A mere 'unilateral expectation' of a benefit or privilege is insufficient; the plaintiff must 'have a legitimate claim of entitlement to it.'" *Id*. (*quoting Roth*, 408 U.S. at 577). Protected property interests are not created by the Constitution, but by "existing rules or understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Thorton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (citing *Roth*, 408 U.S. at 577). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of Cal.*, 24 F.3d at 62 (internal quotation marks omitted).

Plaintiff contends that she "has protected liberty and property interests in a career, profession

1    and job conferred by the California State Constitution," and that "Plaintiff was deprived of her liberty

2    and property interests to be free of unlawful interference with her career without due process of law."

3    *FAC*, ¶¶ 29, 30.  Plaintiff also contends that her "career, profession and job opportunities have been

4    negatively impacted along with her income, emotional health and physical health" because "Defendant

5    did not follow the minimum procedures required by the Constitution," and that Defendant

6    demonstrated "deliberate indifference to the harassment and impediments to [Plaintiff's] liberty and

7    property interests by rendering her more vulnerable to [physical, financial and emotional harm] by

8    allowing the underlying action [in Suit 1] to continue."  *FAC*, ¶¶ 34, 45.

9         The Court concludes that Plaintiff has failed to properly allege due process violations in the

10    FAC because the claims as alleged are not ripe for review.  Plaintiff's contentions that Defendant

11    demonstrated "deliberate indifference to the harassment and impediments to [Plaintiff's] liberty and

12    property interests by . . . allowing the [action in Suit 1] to continue," and that Defendant's filing of

13    Suit 1 resulted in "unlawful interference" with Plaintiff's career are premised on the fact that the

14    California Superior Court's grant of summary judgment in Plaintiff's favor in Suit 1 will be upheld

15    by the California Court of Appeal.  *See FAC*, ¶¶ 30, 45.  In other words, Plaintiff's due process claims

16    are premised on the unresolved notion that Defendant's suit against Plaintiff in Suit 1 was frivolous

17    and entirely without merit.  The problem, however, is that Suit 1 is currently pending before the

18    California Court of Appeal.  Accordingly, the Court concludes that the pending due process claims

19    are not ripe for review and should be dismissed without prejudice.  *See Scott v. Pasadena Unified Sch.*

20    *Dist.*, 306 F.3d 646, 662 (9th Cir. 2002) (claim is not ripe if it rests upon future events that may not

21    occur as anticipated, or indeed may not occur at all).

22         In addition to ripeness, in order to claim a property interest in her job, Plaintiff must have a

23    legitimate entitlement to continued employment and not merely a unilateral expectation of continued

24    employment.  *See Roth*, 408 U.S. at 577.  While Plaintiff contends that she has liberty and property

25    interests in her employment, Plaintiff fails to allege any facts to support a claim that she has a

26    legitimate entitlement to continued employment.

27         Viewing the allegations of the Complaint in the light most favorable to the Plaintiff, the Court

28    concludes that Plaintiff failed to allege due process claims because the claims are not ripe for review.

1   Defendant's motion to dismiss Plaintiff's second and third claims for failure to state a claim is granted.

2                                          **Conclusion**

3          IT IS HEREBY ORDERED that the motion to dismiss (Doc. # 5) is **GRANTED**.  This case

4   is dismissed without prejudice.

5   DATED:  August 6, 2008

6                                    _William Q. Hayes_
                                     **WILLIAM Q. HAYES**
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28